## Johnny COOK *v.* STATE of Arkansas

CA CR 96-1507                           952 S.W.2d 677

Court of Appeals of Arkansas
Division III
Opinion delivered October 8, 1997

G. *Keith Watkins*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Johnny C. Cook pleaded guilty to a Class C felony (possession of a controlled substance) on October 26, 1995, and was sentenced to five years of probation. The conditions of his probation prohibited him from committing any offense punishable by imprisonment. On January 25, 1996, the State filed a petition for revocation. The petition alleged that, on January 21, 1996, Mr. Cook committed the offenses of second-degree battery of a police officer, possession of marijuana, and possession of drug paraphernalia. A revocation hearing was held on May 6, 1996. After the hearing, the trial court found that Mr. Cook had violated the conditions of his probation and sentenced him to ninety months in the Arkansas Department of Correction. Mr. Cook now appeals.

For reversal, Mr. Cook raises three arguments. First, he contends that the trial court erred in denying his request to be represented by the attorney who represented him when he was placed on probation. Next, he asserts that the search warrant that led to the seizure of contraband was invalid. Finally, Mr. Cook argues

that the trial court erred by not holding the revocation hearing within sixty days of his arrest. We find no error and affirm.

At the revocation hearing, the evidence showed that the police were issued a search warrant that authorized them to search Mr. Cook's mobile home. They executed this warrant on January 21, 1996. Upon searching the residence the police recovered a set of scales and a quantity of marijuana. They also found hemostats, rolling papers, and a roach clip containing burned residue. Based on this evidence, the trial court specifically found that Mr. Cook violated his probation by being in possession of dr ug paraphernalia.

We now turn to Mr. Cook's first point on appeal, i.e., that the trial court erroneously refused to appoint as counsel the same attorney who had represented him when he was placed on probation. When Mr. Cook pleaded guilty to possession of a controlled substance and was given probation, he was represented by private counsel, Paul Petty. After the petition to revoke his probation was filed, Mr. Cook requested that he be represented by the same attorney. Instead, the trial court appointed Keith Watkins, a public defender. Mr. Cook now submits that this was error, asserting that his previous counsel had never filed any motion to withdraw as attorney of record. He cites *Philyaw v. State*, 288 Ark. 237, 704 S.W.2d 608 (1986), *overruled on other grounds*, *Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996), a case in which the supreme court announced:

> When an accused appears with retained counsel, the trial judge should not allow the attorney of record to withdraw until:
>
> (1) new counsel has been retained; or
>
> (2) a showing of indigency has been made and counsel has been appointed; or
>
> (3) a voluntary and intelligent waiver of the right to counsel is established on the record.

288 Ark. at 248, 704 S.W.2d at 613.

We find no merit to Mr. Cook's first argument. The instant case is clearly distinguishable from *Philyaw v. State*, *supra*, because

that case involved a criminal defendant who argued on appeal that his conviction should be reversed because he was not represented by counsel. In *Philyaw*, the defendant's attorney was permitted to withdraw prior to trial, and the defendant was forced to proceed without counsel. In the instant case, Mr. Cook represented that he was indigent, at which point the trial court promptly appointed an attorney who has represented Mr. Cook from that time through the present.

■■ We certainly agree that a defendant must be afforded the right to counsel at every stage in a criminal proceeding, and this right extends to probation revocation hearings. *See Furr v. State*, 285 Ark. 45, 685 S.W.2d 149 (1985). However, our supreme court has held that, while an accused has the right to counsel, he does not have the right to counsel of his own choosing. *See Hadley v. State*, 322 Ark. 472, 910 S.W.2d 675 (1995). In the case at bar Mr. Cook wanted to be represented by Mr. Petty, but the trial court instead appointed Mr. Watkins. This did not constitute error. Rule 16 of the Criminal Rules of Appellate Procedure provides:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause. After the notice of appeal of a judgment of conviction has been filed, the Supreme Court shall have exclusive jurisdiction to relieve counsel and appoint new counsel.

While the rule provides that trial counsel shall continue to represent a convicted defendant through the appeal process, it is implicit that counsel's representation in the matter terminates if the appeal concludes in an affirmance. It should logically follow then that counsel's representation in a criminal proceeding does not continue after conviction if no appeal is taken that would extend such representation.

■ Mr. Petty represented Mr. Cook through the time that he pleaded guilty to possession of a controlled substance on October 26, 1995. While Mr. Cook asserts that he is entitled to continued representation by his original counsel at any subsequent

revocation hearing, he fails to support this contention with any authority or convincing argument, and therefore we reject it. *See Franklin v. State*, 314 Ark. 329, 863 S.W.2d 268 (1993).

Mr. Cook next argues that his revocation should be reversed because the search warrant at issue was erroneously issued and is therefore invalid. The face of the search warrant indicated that it was signed and issued by the magistrate at 5:50 p.m. on January 21, 1996. However, the affidavit in support of the warrant was not sworn to until 5:55 p.m., five minutes later that day. Rule 13.1(b) of the Arkansas Rules of Criminal Procedure provides that an application for a search warrant shall be supported by an affidavit or recorded testimony given under oath. Mr. Cook argues that, since the swearing of the affidavit did not precede the issuance of the search warrant, the warrant could not have been supported by the affidavit as required by the above rule.

Mr. Cook's second argument is clearly without merit because it has long been the law in this state that the exclusionary rule does not apply in revocation hearings. *Robinson v. State*, 29 Ark. App. 17, 775 S.W.2d 916 (1988). While an exception may exist if the probationer can prove a lack of good faith by the law enforcement officers, *McGhee v. State*, 25 Ark. App. 132, 752 S.W.2d 303 (1988), Mr. Cook failed to do so. We are not persuaded that a five-minute discrepancy between the issuance of the search warrant and the affidavit provides a ground for reversal.

Mr. Cook's remaining argument is that the trial court erred in denying his motion to dismiss, which was premised on his contention that the revocation hearing did not take place within sixty days of his arrest. Arkansas Code Annotated section 5-4-310(b)(2) (Repl. 1993) provides that a revocation hearing "shall be conducted by the court that suspended imposition of the sentence on the defendant or placed him on probation within a reasonable period of time, not to exceed sixty (60) days, after the defendant's arrest." Mr. Cook asserts that he was served with the petition for revocation on January 30, 1996, and that his hearing was not held until May 6, 1996. He acknowledges that the period between April 1, 1996, and May 6, 1996, is excludable because the delay in the proceedings during this time span was the result of two con-

tinuances that were granted at his request. However, he submits that, since sixty-two days elapsed between January 30, 1996, and April 1, 1996, his motion to dismiss should have been granted.

We find that Mr. Cook's final argument has not been preserved for our review. In *Summers v. State*, 292 Ark. 237, 729 S.W.2d 147 (1987), the supreme court held that if a probationer fails to raise his motion to dismiss the revocation petition for lack of a speedy hearing before the hearing, he has waived his rights. In the case at bar, Mr. Cook first argued his contention that the sixty-day limitation was violated when he appeared for a hearing on April 22, 1996. This hearing was originally scheduled for April 1, 1996, and was continued until April 22, 1996, at Mr. Cook's request.[1] Prior to the April 22, 1996 hearing, Mr. Cook had ample opportunity to raise this argument to the court, which would have put the State on notice that such an argument was being asserted. Because Mr. Cook failed to raise this argument prior to the date of the revocation hearing, the argument has been waived.

We observe that, even if a timely objection had been made regarding the sixty-day limitation rule, such objection would have been of no avail. The sixtieth day after January 30, 1996, was March 30, 1996, which fell on a Saturday. Rule 1.4 of the Arkansas Rules of Criminal Procedure applies to statutes governing criminal proceedings, and provides that, "[w]hen the first or last day of a time period is a Saturday, Sunday, or state or federal legal holiday, it shall not be computed as part of the period, which shall run until the end of the next day which is neither a Saturday, Sunday, nor a legal holiday." The April 1, 1996, hearing date fell on the Monday after March 30, 1996. Thus, no violation occurred in this regard.

Having examined the record in light of the arguments raised on appeal, we find no error and affirm Mr. Cook's revocation.

Affirmed.

---

[1] Before conclusion of the April 22, 1996, revocation hearing, Mr. Cook sought, and was granted, a further continuance to May 6, 1996, at which time his probation was ultimately revoked.

CRABTREE and MEADS, JJ., agree.