Ted Byron WADE *v.* STATE of Arkansas

CA CR 98-447 983 S.W.2d 147

Court of Appeals of Arkansas
Division I
Opinion delivered November 11, 1998

*Montgomery, Adams & Wyatt, PLLC,* by: *Dale E. Adams,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. On October 21, 1996, appellant Ted Wade pleaded guilty to a charge of first-degree assault and was sentenced to twelve months' probation. In addition to the requirement that he obey all federal, state, and local laws, Wade was also required to perform 100 hours of community service, and to complete an alcohol-rehabilitation program within six months of sentencing. On May 23, 1997, the prosecuting attorney filed a petition for revocation alleging that Wade violated the terms of his probation by failing to complete his court-ordered community service, and because he tested positive for methamphetamine on May 8, 1997. An amended petition for revocation was filed August 26, 1997, that alleged that Wade violated the terms his probation by committing domestic battery on August 2, 1997, and for failure to complete his court ordered community service. After a hearing, the trial court found that Wade failed to complete his court ordered community service, revoked his probation, and imposed a sentence of twelve months in the Pulaski County detention center. The State presented no evidence as to the alleged use of methamphetamine, and the trial court explicitly declined to find that Wade committed domestic

battery after the victim, Wade's wife, testified that he did not beat her. Wade's sole argument on appeal is that the trial court erred by revoking his probation due to his failure to complete his community service by the deadline imposed by the probation office. Because the requirement that he complete his community service by the date imposed by the probation office, rather than by the end of his probation period, was not in writing, we reverse.

■ To revoke probation, the burden is on the State to prove the violation of a condition of probation by a preponderance of the evidence. *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992). On appellate review, the trial court's findings will be upheld unless they are clearly against a preponderance of the evidence. *Id.* Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation revocation. Thus, the burden on the State is not as great in a revocation hearing. Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial judge's superior position. *Id.*

Wade contends that the trial court erred by revoking his probation due to his failure to complete 100 hours of community service by the deadline imposed by the probation office. Wade argues that the court, rather than the probation office, is required to specify the terms and conditions of his probation. Arkansas Code Annotated section 5-4-303 (Repl. 1997) provides:

> (a) If the court suspends imposition of sentence on a defendant or places him on probation, it shall attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life.
>
> . . .
>
> (e) If the court suspends the imposition of sentence on a defendant or places him on probation, the defendant shall be given a written statement explicitly setting forth the conditions under which he is being released.

In addition to the requirement that he obey all federal, state, and local laws, the terms of Wade's probation required, among other

things, that he complete an alcohol-rehabilitation program within six months of sentencing, and that he perform 100 hours of community service. Although the order did not explicitly restrict the time in which Wade was to complete his service, his work-program adviser for the Department of Community Punishment required that he complete the service by working weekends between January 18, 1997, and April 30, 1997. During testimony, the adviser acknowledged that the probation order did not explicitly provide that Wade complete the service by April and that the length of his probation was through October 1997. However, the adviser stated that she interviewed Wade at the start of his probation to determine his hours of availability to perform community service; Wade indicated that he was available to work eight hours a day on Saturdays and Sundays. Accordingly, she assigned a deadline that allowed him ample time to complete his obligation by the end of April 1997. However, Wade completed only 28 hours of his community service and was not allowed to perform any further services after the petition to revoke was filed on May 25, 1997.

The requirement that the court specify the terms of probation is well settled. In *Ross v. State*, 268 Ark. 189, 594 S.W.2d 852 (1980), the defendant appealed the trial court's decision to revoke his probation for violating the terms of his probation by committing aggravated battery and assault. He argued that the order did not explicitly include the requirement that the defendant refrain from criminal conduct. On appeal, the supreme court reversed, holding that:

> [A]ll conditions for a suspended sentence, including any requirement of good behavior, must be in writing if the suspended sentence is to be revocable. Therefore, courts have no power to imply and subsequently revoke conditions which were not expressly communicated in writing to a defendant as a condition of his suspended sentence. This result not only comports with any due process requirements owed to a defendant upon the imposition of a suspended sentence but may serve to deter criminal conduct which a defendant might otherwise commit but for a full appreciation of the extent of his jeopardy.

*Id.* In *Neely v. State*, 7 Ark. App. 239, 647 S.W.2d 473 (1983), the trial court granted the State's petition for revocation upon the introduction of evidence that the probationer had committed burglary and theft of property. Because the State failed to provide the defendant with written terms indicating that his probation could be revoked for inappropriate behavior, the court of appeals reversed the revocation of appellant's probation. This was done despite the court having "great difficulty in reaching the conclusion that a probationer could misunderstand that a suspended sentence on good behavior requires that he not commit a felony."

 We find these cases to be dispositive to the facts in the present case. We note that as a rule, criminal statutes are strictly construed with any doubts resolved in favor of the accused. *Manning v. State*, 330 Ark. 699, 956 S.W.2d 184 (1997). The statute clearly states that "the defendant shall be given a written statement explicitly setting forth the conditions under which he is being released." Ark. Code Ann. § 5-4-303(e). Precedent has established that even implied terms, such as good behavior, must be explicitly included in the written terms of probation in order to revoke for a violation of those terms. Although the written notice of the terms of probation provided to Wade did indicate that he was to perform 100 hours of community service, it did not explicitly impose a deadline of April 30, 1997, rather than completion prior to the end of his period of probation. Because his revocation was based on a failure to comply with a term not included in the written notice, we reverse the decision of the trial court.

Reversed.

AREY and NEAL, JJ., agree.