Jimmie LAMB *v.* STATE of Arkansas

CA CR 00-1056 45 S.W.3d 869

Court of Appeals of Arkansas
Divisions I, II, and III
Opinion delivered June 20, 2001

*Chris Tarver,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Misty Wilson Borkowski,* Ass't Att'y
Gen., for appellee.

JOHN E. JENNINGS, Judge. The sole issue in this revocation case is whether the evidence is sufficient to support the trial court's decision. We conclude that it is and affirm.

In May 1999, Jimmie Lamb pled guilty to arson in the burning of a stolen truck. The St. Francis County Circuit Court suspended imposition of sentence for a period of five years. On February 7, 2000, the State filed a petition to revoke Lamb's suspended sentence, alleging that he had committed theft by receiving, a class B felony. At the hearing on the petition to revoke, Melva Edens testified that she was in the commercial contracting business and had been for twenty years. She lived in Germantown, Tennessee, and her business was located in Memphis. She testified that Mr. Lamb had been employed by her but was fired on May 10, 1999, for not reporting to work. She testified that a white 1991 Ford truck disappeared from her place of business on September 17, 1999. Lamb had driven this truck in connection with his employment with the company. Ms. Edens also testified that the truck had been washed inside and out in July and August of 1999.

Douglas Wall, a sergeant with the Forrest City Police Department, testified that on October 2, 1999, he located the stolen truck in a driveway of a vacant house on Brookside Drive in Forrest City. While waiting on a wrecker, he was approached by a man he knew, Alan Kimble, and from his conversation with Kimble, Mr. Lamb was developed as a suspect. Sergeant Wall testified that the truck was found one-half block from Mr. Lamb's parents' house and that Lamb sometimes stayed with them.

Dwight Duch, a Forrest City police officer, testified that Mr. Lamb's palm print was found on the inside of the passenger-side window of the stolen truck.

Mr. Lamb testified that he had been convicted of theft, burglary, and forgery dating back to 1989. He could not say how many felonies he had been convicted of but conceded that it was "too many." He testified that he had been in the truck since the date he was fired "approximately twice." He testified he thought this was in September or October 1999. He testified that he had just been riding around in the truck, drinking beer, with two men connected with the company. Lamb admitted that he received his mail at his parents' house. He testified that he went to Memphis in October and stayed in a motel and would not come back to Forrest City during that time because he knew the police were looking for him.

On this evidence the trial court found that Lamb had violated the terms of his suspended sentence, revoked his probation, and sentenced him to ten years' imprisonment.

 In a revocation proceeding the burden is on the State to prove the violation of a condition of the suspension by a preponderance of the evidence. Ark. Code Ann. § 5-4-309 (Supp. 1999). On appeal, the trial court's findings will be upheld unless they are clearly against a preponderance of the evidence. *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992). Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation or suspended sentence. *See Lemons v. State*, 310 Ark. at 383. Since the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position. *Lemons, supra; Hoffman v. State*, 289 Ark. 184, 711 S.W.2d 151 (1986). Circumstantial evidence may be sufficient to warrant revocation. *See Needham v. State*, 270 Ark. 131, 603 S.W.2d 412 (Ark. App. 1980).

While the evidence in the case at bar is circumstantial, we cannot conclude that the trial court's decision was clearly against a preponderance of the evidence. Mr. Lamb's own testimony places him in the stolen vehicle shortly before it was found within a block of his parents' home. Lamb's testimony that he went to Tennessee and stayed in a motel because he was aware the police were looking for him is also relevant. *See Flowers v. State*, 342 Ark. 45, 25 S.W.3d 422 (2000). This is not a case where the trial court's judgment rests solely on the strength of a fingerprint.

 For the reasons stated, the decision of the circuit court is affirmed.

STROUD, C.J., ROBBINS, CRABTREE, PITTMAN, and ROAF, JJ., agree.

GRIFFEN, BIRD, and VAUGHT, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. The majority would affirm appellant's revocation based on testimony that appellant's palm print was found on the inside passenger window of the stolen truck, and despite testimony that appellant worked for the owners of the truck and had recently ridden in the truck. I respectfully dissent.

Our law is well established that defendants in a revocation hearing are not granted the full array of rights that accompany a criminal trial. *See Miner v. State*, 342 Ark. 283, 28 S.W.3d 280 (2000). As we have often observed, revocation hearings only require that the State prove, by a preponderance of the evidence, that the defendant has violated a term or condition of probation. *See Wade v. State*, 64 Ark. App. 108, 983 S.W.2d 147 (1998). Because of the different burden of proof, evidence that is not sufficient to sustain a criminal conviction may be sufficient to sustain a probation revocation. *See Palmer v. State*, 60 Ark. App. 97, 959 S.W.2d 420 (1998).

While the State is held to a lower degree of proof to sustain a revocation, it must still produce sufficient proof that a violation has occurred. Theft by receiving occurs when a person acquires possession, control, or title of stolen property when that person knew or had good reason to believe the property was stolen. *See* Ark. Code Ann. § 5-36-106 (Repl. 1997). Control is defined as the "power or authority to manage, direct, superintend, restrict, regulate, govern, administer or oversee." *See Black's Law Dictionary* 329 (6th ed. 1990). *Black's* describes possession as "that condition of facts under which one can exercise his power over a corporeal thing at his pleasure to the exclusion of all other persons." *See Black's* 1163.

We have held that in certain circumstances, fingerprints are sufficient to sustain a criminal conviction. *See Ashe v. State*, 57 Ark. App. 99, 942 S.W.2d 267 (1997). In *Ashe*, a fingerprint on a detached rearview mirror on the passenger side floorboard, coupled with the fact that the car was stolen within a few blocks of where Ashe's sister lived and the fact that the vehicle was found two months later in the complex where Ashe lived was sufficient to convict Ashe of theft by receiving. *See Ashe, supra.*

The record in this case simply does not support the trial court's finding that the State met its burden of proving by the greater weight of the evidence that appellant violated his probation by committing the offense of theft by receiving. Significantly, the record fails to demonstrate that appellant acquired control or possession of the truck or that appellant knew or should have known that the truck was stolen. First, the State presented evidence that appellant's palm print was found on the inside passenger window of the truck, even though appellant had not worked for the company for four months and the truck was washed inside and out at least two times after appellant left employment with the company. While this evidence is sufficient to place appellant in the truck, it cannot, acting alone support a finding that appellant acquired control or

possession of the truck without resort to speculation or conjecture. If anything, the location of appellant's palm print on the inside passenger door side of the vehicle corroborated his testimony that he was a passenger in the truck, and not the driver. Next, the State presented testimony that the truck was discovered two weeks after it was stolen approximately a half block from the home of appellant's parents and that appellant stayed away from his parents' home because he knew the police were looking for him. While this evidence may be considered relevant circumstantial evidence, it falls far short of the quantum of evidence presented in *Ashe*, which involved fingerprints, the close proximity of the theft from the home of Ashe's relative, and the vehicle being recovered in the apartment complex where Ashe lived. Simply put, even though the State had a lesser burden of proof, it failed to make its case that appellant had control or possession of the vehicle.

Likewise, the State failed to produce any evidence demonstrating that appellant knew the truck was stolen or had good reason to know the truck was stolen. The evidence in the record included testimony by Officer Wall that the truck bore no outward sign that it had been stolen, that the steering column was not broken, and that the truck was locked when he located it. There was also testimony that all keys to the truck were accounted for. While the trial court was not required to believe the testimony of any witness, it was precluded from resorting to speculation in making its ruling. Because the trial court's decision was clearly against the preponderance of the evidence, I would reverse.

I am authorized to state that Judges BIRD and VAUGHT join in this dissenting opinion.