Richard L. CHESHIRE *v.* STATE of Arkansas

CA CR 02-580                                    95 S.W.3d 820

Court of Appeals of Arkansas
Division III
Opinion delivered January 22, 2003

*Randy Rainwater*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. This is a revocation case. On July 20, 2001, the appellant, Richard Cheshire, pled no contest in the Mena District Court to a charge of possessing an instrument of crime. The district court placed appellant on probation for a year under the condition that appellant commit no "jailable offense" during the period of probation, and the court ordered appellant to pay a fine of $575.00 by January 18, 2002. The sentencing statement appellant received read that appellant

was to appear in court at 1:30 p.m. on the date the fine was due if it had not been paid.

On October 19, 2001, the city attorney filed in district court a petition to revoke, alleging that appellant had been found guilty on October 5, 2001, of inhaling intoxicants which, as a jailable offense, constituted a violation of appellant's probation. The hearing was held on January 18, 2002, the same date that appellant's $575 fine was due. The district court revoked appellant's probation, and appellant appealed that decision to circuit court.

After a hearing, the circuit court also revoked appellant's probation. The court found that appellant had violated the terms of his probation by failing to pay his fine within the prescribed period of time and by committing a jailable offense. Appellant was sentenced to serve six months in jail. This appeal followed.

On appeal to this court, appellant argues that the evidence is insufficient to sustain the trial court's findings that he wilfully and inexcusably violated the terms of his probation. We disagree and affirm.

█ As a threshold argument, the State contends that the appeal should be dismissed because the circuit court lacked jurisdiction to hear the appeal from district court. The State maintains that, since the purpose of a *de novo* appeal from a district court to circuit court is to preserve the right to a trial by jury, the circuit court lacked jurisdiction because there is no right to a jury trial on a petition to revoke probation. We find the State's argument unpersuasive. Amendment 80, § 7(A), of the Arkansas Constitution provides that appeals from district courts are taken as a matter of right to Circuit Courts for a trial *de novo*. This power is not expressly limited to cases where there is a right to a jury trial.[1]

█ To revoke probation, the burden is on the State to prove the violation of a condition of probation by a preponder-

---

[1] Article 7, § 14 of the Arkansas Constitution, which was repealed by Amendment 80, § 22(a), also provided that circuit courts had appellate jurisdiction over inferior courts. *See Johnson v. State*, 312 Ark. 38, 846 S.W.2d 662 (1993).

ance of the evidence. *Wade v. State*, 64 Ark. App. 108, 983 S.W.2d 147 (1998). On appeal, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Lamb v. State,* 74 Ark. App. 245, 45 S.W.2d 869 (2001). Since the determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial judge's superior position. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002).

■ After reviewing the record, we hold that the trial court's finding that appellant inexcusably failed to pay his fine on time is not clearly against the preponderance of the evidence. Although appellant argues that he was in jail the day the fine was due, we note that appellant's testimony on that subject was contradictory. At one point, appellant testified that he was jailed that day on the probation revocation but that he made bond immediately. At another juncture, he testified that he could not pay the fine on time because he was in jail. Given the inconsistencies in his testimony, the trial court did not have to believe appellant's testimony that he was unable to pay the fine by the due date because he was in jail.

■ ■ Appellant also argues that the trial court erred in revoking his probation on the ground that he failed to pay the fine when it was due because this was not alleged as a basis for revocation in the petition to revoke. While it is true that appellant's right to due process required that he be given notice of the conditions of probation he was alleged to have violated, *Phillips v. State*, 40 Ark. App. 19, 840 S.W.2d 808 (1992), it is also true that the denial of any right, even a constitutional one, must be objected to at trial to be preserved for appeal. *Kittler v. State*, 304 Ark. 344, 802 S.W.2d 925 (1991). Appellant did not object to the testimony elicited on this subject. Nor did he claim surprise or the lack of notice. When an issue is not brought to the attention of the trial court, we do not consider it on appeal because the trial court had no opportunity to rule on the issue. *Ussery v. State,* 308 Ark. 67, 822 S.W.2d 848 (1992).

The State need only have proved that appellant violated any one condition of his probation in order to support revocation. *See Rudd v. State*, 76 Ark. App. 121, 61 S.W.3d 885 (2001). Therefore, we need not discuss whether the evidence is sufficient to support the trial court's finding that appellant also violated his probation by committing a jailable offense.

Affirmed.

PITTMAN and ROBBINS, JJ., agree.