Anthony T. HARRIS *v.* STATE of Arkansas

CA CR 06-812                                    254 S.W.3d 789

Court of Appeals of Arkansas
Opinion delivered April 4, 2007

*Mark Rees*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. Anthony Harris appeals the revocation of his suspended sentences for possession of a controlled substance, a Class C felony, and delivery of a controlled substance, a Class Y felony. The trial court revoked his suspended sentences and sentenced him to eight years' imprisonment for the Class C felony and fifteen years' imprisonment for the Class Y felony, to be served concurrently. Appellant raises two points on appeal: (1) there is insufficient evidence to support the revocations; and (2) the trial court committed an error of law in concluding that appellant violated the "good conduct" requirement of his suspended sentence because the written terms and conditions of his suspended sentence did not contain such a requirement. We reverse the order revoking appellant's suspended sentences and dismiss.

On May 10, 2005, the State filed a petition to revoke appellant's suspended sentences. The State alleged in its petition that appellant had violated the written terms and conditions of his suspended sentences by committing the offenses of burglary, third-degree battery, first-degree criminal mischief, and third-degree domestic battery on October 9, 2004. The trial court held a hearing on the petition on August 8, 2005.

Natalie Cole, appellant's girlfriend, testified at the hearing that she and two of her friends, Candace and Ashley Dandridge, were at her house on October 9, 2004, when appellant and Randy Daniels arrived. She said that she and appellant argued; one of the men kicked the door in; and she threw a lamp, end table, and speaker at appellant. She testified that appellant never put his hands on her but that Randy had to pull appellant away from her and her friends. She said that she was not injured.

Randy testified that he broke up a scuffle between the three women and appellant. He said that he did not see appellant go towards Natalie, but he did see Candace and Ashley try to step between them: "They were not trying to stop him though, it was more like they attacked him. He did somewhat defend himself." He testified that he did not think any of the women were injured.

Ollie Collins, a police officer with the Osceola Police Department, lived down the street from Natalie's house at the time of the incident. He testified that Candace came to his house that night and asked him to go to Natalie's house. He said that when he got there tables were broken and the three women were crying and upset. The women told him that appellant had jumped on them. He also testified that he did not see any abrasions, bruises, or marks on any of the women.

At the close of the State's evidence, appellant moved to dismiss for failure to make a prima facie case. The trial court denied the motion to dismiss, stating that "[t]he scuffling makes it domestic abuse. There doesn't necessarily have to be injuries to be domestic abuse." At the close of all of the evidence, the trial court found that there was not a breaking or entering or a theft of property. The court noted that it was not certain whether domestic abuse required physical injury[1] but said that "he's clearly guilty of being involved in malicious mischief and a fray, which is in violation of the terms and conditions of good conduct." The court then stated that it was "going to find that he violated the terms and conditions of good conduct" and continued the case for six months for sentencing.

On September 28, 2005, after the hearing on the petition to revoke, the State filed an amended petition to revoke, alleging

---

[1] Third-degree domestic battery does require physical injury unless perpetrator administers drugs without victim's consent, which was not alleged in this case. *See* Ark. Code Ann. § 5-26-305 (Repl. 2006).

additional violations of the written terms and conditions of probation: delivery of a controlled substance on or about September 8, 2005, and September 16, 2005. Although the court entered an order of probable cause and ordered appellant to appear on October 7, 2005, for a hearing on the new claims in the amended petition to revoke, there is nothing in the record to indicate that such a hearing ever occurred.

On March 29, 2006, the trial court held a sentencing hearing to impose sentences for the violations found by the court at the August 8, 2005, revocation hearing. All of the testimony at the sentencing hearing concerned the drug deliveries added as violations in the amended petition to revoke. At the close of the hearing, the trial court said that it had already found appellant in violation of the conditions of his suspended sentences and that the testimony presented at the sentencing hearing merely confirmed its previous finding that appellant "violated the terms and conditions of good conduct." After appellant's attorney suggested that the court should look to the previous violations from the prior hearing rather than to the new drug charges, the court recalled its findings at the revocation hearing as follows:

> I don't remember my exact words now, but what I basically said if I found him in violation of the allegations that were made by the prosecutor on the revocation petition, that it didn't particularly matter whether there was an assault or battery, that he was in violation of good conduct. But I specifically found that he violated good conduct by committing battery on his wife, and now the only question is what is an appropriate sentence.

On March 29, 2006, the trial court entered a judgment and commitment order sentencing appellant to eight years' imprisonment for possession of a controlled substance, a Class C felony, and fifteen years' imprisonment for delivery of a controlled substance, a Class Y felony, to be served concurrently.

Appellant's first point on appeal is that there was insufficient evidence to support the revocations. In order to revoke probation or a suspension, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of that probation or suspension. *Peterson v. State*, 81 Ark. App. 226, 100 S.W.3d 66 (2003). The State bears the burden of proof but need only prove that the defendant committed one violation of the conditions. *Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536

(2004). We do not reverse a trial court's findings on appeal unless they are clearly against the preponderance of the evidence. *Sisk v. State*, 81 Ark. App. 276, 101 S.W.3d 248 (2003).

In its revocation petition the State alleged that appellant had violated the written terms and conditions of his suspended sentence by committing the offenses of burglary, third-degree battery, first-degree criminal mischief, and third-degree domestic battery. At the hearing on the petition, the trial court found that there was not a breaking and entering or a theft of property, but that appellant was "clearly guilty of being involved in malicious mischief and a fray, which is in violation of the terms and conditions of good conduct." The court then stated, "I'm going to find that he violated the terms and conditions of good conduct." Appellant argues that none of the court's findings constitutes a finding that he violated one of the conditions of his suspended sentences.

■ We turn first to the court's statement that appellant was guilty of "malicious mischief." Malicious mischief was not alleged in the petition, and we have held that it is fundamentally unfair to revoke probation on the basis of a violation not mentioned in the revocation petition because a defendant cannot properly prepare for the hearing without knowing in advance what charges of misconduct are to be investigated as a basis for the proposed revocation of the probation. *Hill v. State*, 65 Ark. App. 131, 985 S.W.2d 342 (1999). However, a person commits "criminal mischief in the first degree," which was alleged as a violation in the petition, if he purposely and without legal justification destroys or causes damage to property of another. Ark. Code Ann. § 5-38-203 (Repl. 2006). We note that the State does not claim that the trial court found that appellant committed criminal mischief. Moreover, our review of the hearing does not convince us that the trial court made such a finding or that the testimony presented would have supported such a finding. In any event, we are an appellate court, and "appellate courts do not make findings of fact but rather review findings of fact of the circuit court to determine whether they are clearly erroneous." *Ward v. Williams*, 354 Ark. 168, 177, 118 S.W.3d 513, 518 (2003).

■ The State contends that appellate review is precluded because appellant did not ask for a clear ruling from the trial court as to exactly what criminal offense it found. We reject this contention because appellant is challenging the sufficiency of the evidence to support the court's findings, whatever those findings

were. While we note that appellant did move to dismiss at the close of the State's case for failure to prove a prima facie case and renewed the motion at the close of his own case, we have held that it is not necessary to challenge the sufficiency of the evidence at trial to preserve the sufficiency argument for appellate review in a probation-revocation proceeding. *Rudd v. State*, 76 Ark. App. 121, 123, 61 S.W.3d 885, 887–88 (2001) (citing *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001)).

In the alternative, the State asserts, first, that the trial court could have found that appellant committed disorderly conduct, thereby violating the written conditions of his suspension, and, second, that the court said at the sentencing hearing that it had already made a finding at the revocation hearing that appellant violated good conduct by committing battery on his wife. First, disorderly conduct was not mentioned in the petition for revocation, and the circuit court may not revoke on the basis of a violation not mentioned in the petition. *See, e.g., Hill, supra.* Second, while the trial court did state at the sentencing hearing that it "specifically found [in the revocation hearing] that [appellant] violated good conduct by committing battery on his wife," the record from the revocation hearing does not support that the trial court made this finding. The trial court did not make a finding that appellant committed battery or domestic battery; rather, it found that he "violated the terms and conditions of good conduct." A violation of good conduct was not alleged in the petition to revoke, nor was a requirement to conform to good conduct contained in the written terms and conditions of appellant's suspended sentence.

This brings us to appellant's second point on appeal. Appellant contends that the trial court committed an error of law in concluding that he violated the "good conduct" requirement of his suspended sentence because the written terms and conditions of his suspension did not contain such a requirement. Appellant relies on *Ross v. State*, 268 Ark. 189, 191, 594 S.W.2d 852, 853 (1980), in which the supreme court held that "all conditions for a suspended sentence, *including any requirement of good behavior*, must be in writing if the suspended sentence is to be revocable." (Emphasis added.) Courts have no power to imply and subsequently revoke conditions that were not expressly communicated in writing to a defendant as a condition of his suspended sentence. *Id.*

The State responds, asserting that the written conditions for appellant's suspended sentences contained a prohibition against committing a criminal offense punishable by imprisonment and that, because terms such as "good conduct," "good behavior," and "living a law-abiding life" have been used to describe the condition that a defendant not commit any more crimes, he was on notice of this condition. The State cites our decision in *Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536 (2004), to support its position. In *Richardson, supra*, Richardson was sentenced to eleven years' imprisonment for theft of property and ten years' suspended sentence for residential burglary. After sentencing Richardson, the trial court allowed him to remain out of custody until the Monday morning following the hearing, at which time he was supposed to report to the sheriff's office to begin serving his sentence. Richardson failed to report, and the trial court granted the State's petition to revoke his suspended sentence. We held that Richardson's failure to surrender to the sheriff's office constituted a lack of good behavior and the trial court's finding that appellant violated the written condition of his suspension that he "shall live a law-abiding life" and "be of good behavior" was not against the preponderance of the evidence. *Id.* at 351, 157 S.W.3d at 539. We disagree with the State that this case supports its argument in this case.

Appellant's written conditions for suspension did not contain any requirement that appellant live a law-abiding life, be of good behavior, or be of good conduct. Therefore, the trial court was not entitled to revoke appellant's suspended sentences on the basis of a finding that appellant violated one of these conditions. While we recognize that the State need only prove that appellant violated one condition of his probation in order to support revocation, *see Cheshire v. State*, 80 Ark. App. 327, 95 S.W.3d 820 (2003), and that evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation or suspended sentence, *Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d 869 (2001), a trial court must *find that appellant violated a written condition of his suspension*. In this case, the trial court made no such finding. Because the trial court based its revocation of appellant's suspended sentences on the violation of a condition that was not a written condition of his suspension, we reverse.

Reversed and dismissed.

GLADWIN and VAUGHT, JJ., agree.