Kathleen Ann PORTER a/k/a Kathleen Ann Kempf *v.*
STATE of Arkansas

CA CR 06-1114                                     257 S.W.3d 919

Court of Appeals of Arkansas
Opinion delivered May 30, 2007

*Butler, Green & Boyd, P.A.*, by: *Chad M. Green*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

D.P. MARSHALL JR., Judge. Kathleen Porter appeals her conviction for possession of methamphetamine. This is a residue case, and the question presented is whether the record contains sufficient evidence of possession within the meaning of our statute as construed in *Harbison v. State*, 302 Ark. 315, 790 S.W.2d 146 (1990). It does not. Because the State offered no evidence that Porter possessed a usable or measurable amount of the contraband, we reverse her conviction and dismiss this case.

## I.

We recite the facts of record in the light most favorable to the State. *Baughman v. State*, 353 Ark. 1, 5, 110 S.W.3d 740, 742 (2003). After receiving information about drug activity, two police detectives went to Porter's duplex. She was there with her two young children. The detectives questioned her. Porter got upset, said any "stuff" they were looking for was gone, and eventually led the officers into a bedroom. She pulled a plastic bag out of a shirt pocket and gave it to them. In the bag were three coin-type plastic bags that, as described by one of the detectives, contained an "off white, kind of brownish powdery substance on the inside[.]"

The State's forensic chemist could not weigh the residue because it was stuck to the insides of the small bags. There was no testimony that anyone could or did weigh the residue. Instead, the chemist washed the residue out of all the bags with a methanol solution and tested the resulting mixture. It tested positive for methamphetamine. Neither the chemist nor any other witness testified that the bags contained a usable amount of this controlled substance.

At trial, Ms. Porter twice moved for a judgment of acquittal. She argued that no proof existed that she possessed a usable amount of methamphetamine. The circuit court denied both motions.

## II.

Almost two decades ago, our supreme court interpreted our possession statute in *Harbison*. Justice Newbern's opinion for the court considered the words of Ark. Code Ann. § 5-64-401 (Repl.

2005) and its rationale, canvassed the relevant law in other states and the scholarly literature on point, and laid down a clear and considered rule for residue cases such as this one. That rule is:

> The intent of the legislation prohibiting possession of a controlled substance is to prevent use of and trafficking in those substances. Possession of a trace amount or residue which cannot be used and which the accused may not even know is on his person or within his control contributes to neither evil.

302 Ark. at 322, 790 S.W.2d at 151.

Though it was not a unanimous decision, *Harbison* has stood the test of time. The General Assembly has met several times in the intervening years and left the supreme court's construction of § 5-64-401 undisturbed. The construction has thus become as much a part of the statute as the words in the code book. *Morris v. McLemore*, 313 Ark. 53, 55, 852 S.W.2d 135, 136 (1993).

In this case, the State proved that Porter possessed plastic bags containing an amount of methamphetamine residue that could not be weighed. The State offered no evidence that a usable amount of the contraband existed. "As a practical matter," Porter possessed bags "which had had [methamphetamine in them], and that is not a crime." *Harbison*, 302 Ark. at 323, 790 S.W.2d at 151.

The State seeks to sustain Porter's conviction based on *Jones v. State*, 357 Ark. 545, 182 S.W.3d 485 (2004), and *Sinks v. State*, 44 Ark. App. 1, 864 S.W.2d 879 (1993), both of which rejected *Harbison*-based challenges. These precedents, however, are distinguishable. In both cases, the jury heard evidence that the defendant possessed a measurable and usable amount of contraband. *Jones*, 357 Ark. at 552-54, 182 S.W.3d at 489-90; *Sinks*, 44 Ark. App. at 3-4; 864 S.W.2d at 880-81. This record contains no proof of either fact.

■ *Harbison* means what it holds. Possession of a container with a trace amount or residue of contraband that is neither measurable nor usable is not possession of a controlled substance under Ark. Code Ann. § 5-64-401.

Reversed and dismissed.

VAUGHT and HEFFLEY, JJ., agree.