Charleen Elaine COSTES *v.* STATE of Arkansas

CA CR 08-55                                          287 S.W.3d 639

Court of Appeals of Arkansas
Opinion delivered September 24, 2008

*Charles E. Smith,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Leaann J. Irvin,* Ass't Att'y Gen., for appellee.

J OHN B. ROBBINS, Judge. Appellant Charleen Elaine Costes was on a suspended sentence for several drug-related offenses dating back to 2002 when she was accused of violating the terms of her suspension in 2007 by possessing a small amount of methamphetamine along with drug paraphernalia. The contraband was found subsequent to a stop of the van she was driving and a search of the contents of the van, including her purse. After a revocation hearing conducted in October 2007, the trial judge in Sebastian County Circuit Court revoked her suspension on the basis that she possessed methamphetamine, sentencing her accordingly.

On appeal, appellant first contends that the search and seizure of drugs from a container in her purse violated her rights to be free from unreasonable searches. Specifically, appellant contends that the State failed to demonstrate that the consent she gave the officer was voluntary, and even if it was, the search exceeded the scope of her consent because she allowed him to search her

vehicle, not her purse sitting in the vehicle. As her second point on appeal, appellant argues that the State failed to ensure that her conditions of suspension were entered into evidence, such that no revocation could be considered. Finally, appellant challenges the sufficiency of the State's proof that she possessed a "usable" amount of drugs in her purse or that she possessed drug paraphernalia. We hold that only the sufficiency-of-the-evidence issue is preserved for review, but that the trial court's decision to revoke is supported by a preponderance of the evidence. Therefore, we affirm.

Following our supreme court's ruling in *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001), the requirements of Rule 33.1 of the Arkansas Rules of Criminal Procedure regarding motions for dismissal and directed verdicts were no longer applicable to revocation hearings. As a result, an appellant need not move for dismissal of a revocation petition in order to challenge the sufficiency issue on appeal. *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001); *Brown v. State*, 85 Ark. App. 382, 155 S.W.3d 22 (2004).

Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Wade v. State*, 64 Ark. App. 108, 983 S.W.2d 147 (1998). The trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d 869 (2001). The State need only prove one violation in order to support revocation. *Cheshire v. State*, 80 Ark. App. 327, 95 S.W.3d 820 (2003). In a challenge to the sufficiency of the evidence, the evidence is viewed in the light most favorable to the State. *See Gamble v. State*, 351 Ark. 541, 95 S.W.3d 755 (2003). Because the burdens are different, evidence insufficient for a conviction may be sufficient to support a revocation. *See Jones v. State*, 355 Ark. 630, 144 S.W.3d 254 (2004).

▪ Here, the allegation was that appellant possessed a small amount of drugs, which she contends is not a "usable" amount. There is no provision in our Controlled Substances Act, codified at Ark. Code Ann. § 5-64-101 et seq., mandating that one must possess a usable amount of methamphetamine to support a conviction for possession. Nevertheless, our supreme court adopted a usable-amount criteria in *Harbison v. State*, 302 Ark. 315, 790 S.W.2d 146 (1990). Possession of a trace amount or residue which cannot be used and which the accused may not even know

is on his person or within his control does not suffice. *Harbison v. State*, 302 Ark. 315, 322, 790 S.W.2d 146, 151 (1990) (cited with approval in *Porter v. State*, 99 Ark. App. 137, 257 S.W.3d 919 (2007)). Here, the State Crime Laboratory chemist weighed and tested the drug, determining it to weigh 4.3 milligrams. While not much, it was usable and, obviously, was measurable. *See also Sinks v. State*, 44 Ark. App. 1, 864 S.W.2d 879 (1993) (holding that 0.024 grams of cocaine was usable because the cocaine was capable of quantitative analysis, could be seen with a naked eye, was tangible and could be picked up, and was a clearly measurable amount that satisfied the requirements of *Harbison*). This is sufficient to support revocation.

Appellant also argues that there was insufficient evidence to revoke on the possession-of-paraphernalia allegation, which apparently related to the cotton found inside the container holding the methamphetamine. The arresting officer testified that cotton is commonly used as a filtering device by intravenous drug users. The trial court did not base the revocation on the State's allegation of possession of drug paraphernalia, but rather possession of methamphetamine, rendering this argument moot.

Appellant attempts on appeal to challenge the search and seizure of the contraband from her purse. The testimony on this issue showed that after appellant's vehicle was pulled over, she freely gave consent to search it and at no time limited the scope of her consent. Inside, she left her purse, which contained the small amount of methamphetamine and cotton. Any argument about this search, or the scope of it, is not preserved for appellate review. There was never a motion to suppress; there was never an objection on the scope of the consent received; there was never an objection to the admission into evidence of the laboratory results on the drugs. One who does not object to the introduction of evidence at the first opportunity waives such an argument on appeal. *Marts II v. State*, 332 Ark. 628, 968 S.W.2d 41 (1998).

Even had she presented suppression arguments to the trial court, the Rules of Evidence are not strictly applicable to revocation proceedings, with certain exceptions not present here, such that she would have no basis to appeal a suppression issue. *See Deere v. State*, 59 Ark. App. 174, 954 S.W.2d 943 (1997). For instance, an exception may exist if the probationer can prove a lack of good faith by the law-enforcement officers. *Cook v. State*, 59

Ark. App. 24, 952 S.W.2d 677 (1997). However, appellant has not attempted to demonstrate that the officer acted in bad faith. In sum, appellant failed to preserve any issue with respect to the admission of the evidence of drugs and paraphernalia found in her vehicle.

Appellant inserts a comment in her argument that the State failed to enter into evidence the conditions of her suspension upon which to establish any violation. The State correctly notes that this argument is raised for the first time on appeal and is consequently not preserved for review. *See Whitener v. State*, 96 Ark. App. 354, 241 S.W.3d 779 (2006). Whether there is proof that a probationer received written conditions of probation is a procedural matter, and not one of the sufficiency of the evidence, because the purpose of providing the conditions in writing is to prevent confusion on the probationer's part. *See Nelson v. State*, 84 Ark. App. 373, 141 S.W.3d 900 (2004). Moreover, appellant concedes in her brief to us that "possession of methamphetamine and possession of drug paraphernalia would, if supported by sufficient evidence, constitute violations of her conditions of suspended sentence." Furthermore, the record contains the file-marked written conditions to which appellant agreed in order to receive a suspended sentence.

The dissenting judge in this case believes that our court should overrule *Whitener, supra,* for the same reasons stated in his dissent to *Whitener*. That case was decided by a five-to-one majority. Appellant has not asked that we revisit that precedent nor does she cite that case in her brief, instead focusing her argument on the sufficiency of the proof, as have we. We adhere to the established case law.

For the foregoing reasons, we affirm the revocation of appellant's suspended sentence.

HART, VAUGHT, HEFFLEY, and BAKER, JJ., agree.

GRIFFEN, J., dissents.

WENDELL L. GRIFFEN, Judge, dissenting. In *Whitener v. State*, 96 Ark. App. 354, 241 S.W.3d 779 (2006), this court acknowledged the well-settled rule that no motion or objection is necessary to preserve a challenge in a revocation proceeding. Nonetheless, it held that the failure to introduce the terms and conditions of a suspended sentence must be brought to the attention of the trial court; otherwise, any objection for the failure to do so is

waived. I disagreed with the majority and wrote a dissenting opinion. I still believe, based on both the reasoning espoused in my dissenting opinion and precedent since that decision, that *Whitener* was erroneously decided and should be overruled.

In holding that challenges such as the one in this case must be raised at trial to be preserved, the *Whitener* majority relied on *Nelson v. State*, 84 Ark. App. 373, 141 S.W.3d 900 (2004). There, the appellant argued that his revocation should have been reversed for the State's failure to present proof that he received the written list of probation conditions. The appellant acknowledged that he was bringing this argument for the first time on appeal but argued that he was challenging the sufficiency of the evidence to revoke the probation, which was open for review. This court disagreed, stating that the requirement to give the probationer a written list of the probation conditions was a procedural issue and was waived by the appellant's failure to raise it to the trial court. *Nelson*, however, is distinguishable from both *Whitener* and the instant case. Appellant is arguing that the trial court did not know what the probation conditions were and, thus, it could not know whether appellant's actions violated those conditions. This is different from a claim that *she* did not know what the terms and conditions of her probation were.

Rather than compounding the error in *Whitener*, we should hold that the failure of the State to prove an actual term or condition of a probationary or suspended sentence is fatal to its case. In *Harris v. State*, 98 Ark. App. 264, 254 S.W.3d 789 (2007), the trial court found that the appellant violated the terms and conditions of his probation when he failed to demonstrate good conduct. This court first rejected the State's argument that the appellant waived his challenge by failing to ask which criminal offense the court found that he committed. We then rejected the State's argument that the trial court could have revoked the appellant's probation by finding that he committed disorderly conduct, stating that the circuit court may not revoke a probation on a basis not alleged in the State's petition (citing *Hill v. State*, 65 Ark. App. 131, 985 S.W.2d 342 (1999)). We ultimately reversed the revocation, stating that the terms and conditions of appellant's probation did not contain a good-behavior requirement:

> While we recognize that the State need only prove that appellant violated one condition of his probation in order to support revocation, and that evidence that is insufficient for a criminal convic-

tion may be sufficient for the revocation of probation or suspended sentence, a trial court must *find that appellant violated a written condition of his suspension.*

*Harris*, 98 Ark. App. at 270, 254 S.W.3d at 793-94 (citations omitted, emphasis in original).

*Harris* is in line with *Ross v. State*, 268 Ark. 189, 594 S.W.2d 852 (1980), a case I relied upon in my *Whitener* dissent. There, the trial court revoked the appellant's probation after finding that he committed the crimes of battery and aggravated assault. The supreme court reversed because the appellant's probation was not conditioned upon good behavior, despite a provision in the Arkansas Code requiring that probations be conditioned upon good behavior. The court stated:

> [C]ourts have no power to imply and subsequently revoke conditions which were not expressly communicated in writing to a defendant as a condition of his suspended sentence. This result not only comports with any due process requirements owed to a defendant upon the imposition of a suspended sentence but may serve to deter criminal conduct which a defendant might otherwise commit but for a full appreciation of the extent of his jeopardy.

*Id.* at 191, 594 S.W.2d at 853.

In a criminal prosecution, due process requires the State to prove every element of the crime charged beyond a reasonable doubt. *See, e.g., Anderson v. State*, 353 Ark. 384, 108 S.W.3d 592 (2003) (citing *Mullaney v. Wilbur*, 421 U.S. 684 (1975)). Similarly, the State must prove every element of a probation violation by the preponderance of the evidence. *See, e.g., Harris, supra.* Under *Ross* and *Harris*, a court can only base a revocation on a violation of an actual term or condition of a probation or suspended sentence. It necessarily follows that the proof of a violation includes evidence of the actual terms and conditions of the probation or suspended sentence. Without such proof, the State's evidence is insufficient to support the revocation. Because no motion is necessary to preserve a sufficiency challenge in a revocation proceeding, *see, e.g., Harris, supra*, the failure to object on this ground at trial should not constitute waiver of the issue on appeal.

I hold to my belief that *Whitener* was incorrectly decided. This court cannot allow revocation proceedings to become *routine* to the point that basic due process principles are ignored. In all

cases, due process requires the State to maintain its burden of proving all of the elements of a crime or of a probation violation, and we are duty bound by justice to reverse when failure to do so happens. This is such a case. Therefore, I respectfully dissent from the result reached by the majority.