# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–13–62

| | |
|---|---|
| JOSE RODRIGUEZ<br><br>                    APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                    APPELLEE | **Opinion Delivered**  August 28, 2013<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR 2005-196]<br><br>HONORABLE DAVID GOODSON, JUDGE<br><br>AFFIRMED |

**RHONDA K. WOOD, Judge**

Appellant Jose Rodriguez argues that the circuit court erred by overruling his evidentiary objections and, therefore, in finding that there was sufficient evidence that he inexcusably failed to comply with a condition of his probation. We find no error and affirm.

On January 8, 2010, Rodriguez pled guilty to the charge of possession of a controlled substance with intent to deliver and received a sentence of thirty-six months in the Arkansas Department of Correction, followed by thirty-six months' suspended imposition of sentence subject to written conditions. On July 11, 2012, the State filed a petition for revocation of suspension alleging that Rodriguez had violated the terms and conditions of his suspended sentence by failing to pay fines, costs, and fees as directed;

1

failing to notify the sheriff of current address and employment; and selling marijuana. After a revocation hearing on October 23, 2012, the circuit court found by a preponderance of the evidence that Rodriguez had violated the conditions of his suspended sentence and sentenced him to seven years in the Arkansas Department of Correction.

A circuit court may revoke a defendant's suspension if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the suspension. Ark. Code Ann. § 5-4-309(d) (Repl. 2006). In revocation proceedings, the State has the burden of proving a violation of a condition of probation or suspension by a preponderance of the evidence, and we will not reverse a circuit court's decision to revoke unless it is clearly against the preponderance of the evidence. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002).

At the conclusion of Rodriguez's revocation hearing, the circuit court specifically found that Rodriguez had violated the conditions of his suspension by selling marijuana and by failing to make any payment toward his outstanding fees and costs in 2011 or 2012. Rodriguez argues on appeal that the circuit court erred in allowing certain testimony related to the allegations of him selling marijuana. However, revocation is proper when only one ground is proven. *Costes v. State*, 103 Ark. App. 171, 287 S.W.3d 639 (2008). Because only one violation of the conditions of suspension needs to be proven to support the revocation, and the circuit court found Rodriguez did not pay his fines, we affirm on this basis and find it unnecessary to address his arguments regarding the other violation alleged by the State.

Affirmed.

GLOVER and BROWN, JJ., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.