
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-13-771

| | |
|---|---|
| CHRISTOPHER SEATON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **OPINION DELIVERED** MAY 14, 2014<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-2010-117]<br><br>HONORABLE JOHN N. FOGELMAN, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Christopher Seaton appeals the revocation of his probation by the Crittenden County Circuit Court, for which he was sentenced to thirty-six months in the Arkansas Department of Correction (ADC). He argues that the circuit court violated his right to due process by revoking his probation based upon allegations not alleged in the State's petition for revocation—specifically by admitting evidence regarding his arrest for public intoxication because the incident was not listed in the State's petition as a basis for revocation. We affirm.

On June 6, 2011, in the Crittenden County Circuit Court, appellant pled guilty to the Class C felony crime of theft of property and was sentenced to four years' probation. On March 9, 2012, the State filed a petition to revoke his probationary sentence, alleging that appellant (1) failed to pay fines, costs, and fees as directed, (2) failed to report to probation as directed, (3) failed to pay probation fees, (4) failed to notify sheriff and probation officer

of his current address and employment, (5) drove while his license was suspended, and (6) departed from his approved residence without permission. A hearing was held on the petition for revocation on May 24, 2013, after which appellant was found to have violated his conditions of probation by failing to report to his probation officer as directed and was sentenced to three years in the ADC pursuant to a sentencing order entered May 31, 2013. Appellant filed his timely notice of appeal on June 3, 2013.

If a court finds by a preponderance of the evidence that a defendant has inexcusably failed to comply with a condition of his or her suspension or probation, the court may revoke the suspension or probation at any time prior to the expiration of the period of suspension or probation. *McLane v. State*, 2013 Ark. App. 258 (procedure now codified at Ark. Code Ann. § 16-93-308 (Supp. 2011)). When appealing a revocation, the appellant has the burden of showing that the circuit court's findings are against the preponderance of the evidence. *McLane, supra.* On appellate review, we uphold a revocation unless the circuit court's findings are clearly against the preponderance of the evidence. *Id.* We give due regard to the circuit court's superior position to determine the credibility of the witnesses and the weight to be given to their testimony. *Id.* Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation revocation. Thus, the burden on the State is not as great in a revocation hearing. *Id.*

The admission or rejection of evidence under Arkansas Rule of Evidence 404(b) (2013) is within the sound discretion of the circuit court, and it will not be reversed absent a manifest abuse of discretion. *Strong v. State*, 372 Ark. 404, 277 S.W.3d 159 (2008). Rule

2

404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." But such evidence is permissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*

Appellant argues that the circuit court erred by permitting evidence of probation violations that were not enumerated in the petition for revocation in violation of his right to due process. Over objection from appellant, the circuit court allowed direct-examination testimony from appellant's probation officer, April Thomas, indicating that he had been arrested for public intoxication. There was no allegation in the petition that appellant had violated the state law against public intoxication or had violated his probationary terms by consuming alcohol.

Appellant argues that procedural due process entitles him to notice of the charges against him, *see McLane*, *supra*, and that the circuit court erred by admitting evidence regarding his arrest for public intoxication because the incident was not listed in the State's petition as a basis for revocation. We disagree and cannot say that this was prejudicial error because the challenged testimony was presented and allowed by the circuit court merely to explain the circumstances leading up to the probation officer's assignment to the case, rather than as a basis for revocation. The colloquy between the circuit court and counsel was as follows:

Q. When did you receive, if you did, Christopher Odell Seaton, as a probationer for supervision?
A. June the 6th, 2011.

Q. Did you do his intake?

A. Yes, sir.

Q. Did you apprise him of his conditions of probation on that date?

A. Yes, sir.

Q. Including reporting?

A. Yes, sir.

Q. Payment of probation fees?

A. Yes, sir.

Q. Fines and costs at the Sheriffs office?

A. Yes, sir.

Q. That he had to live a law abiding life, not violate anybody's laws?

A. You know what, I'm sorry, I misinformed you. Ms. Stubbs actually did his intake, it wasn't me.

Q. Okay.

A. And that was done June the 9th, 2011.

Q. All right. When did you get him?

A. I got him on my case load July, 2011.

Q. What date, July what?

A. July, 2011.

Q. Had he had a reporting date between his intake June the 9th and the date you got him for supervision?

A. Well, what it appears happened, Ms. Stubbs had him and was going to transfer his case to Tennessee on the same date, June the 9th, 2011.

Q. Did that happen?

A. It was actually completed June the 22nd of that same year. Then June the 26th of that same year he was arrested on a public intox.

Q. Where?

A. He was in our jail.

MR. WEST: Your Honor, I'm going to object to . . . .

4

BY MR. FAIRLEY:

Q. Where?

A. This jail here, the county jail.

MR. WEST: I'm going to object to that. It's not one of the complaints made against him.

THE COURT: I'm not going to receive it as a ground for revocation but for what the circumstances were and why whatever happened happened. Proceed.

The evidence regarding appellant's arrest for public intoxication was not admitted or relied on by the circuit court as proof that appellant violated his conditions of probation. Based upon the evidence presented, the circuit court found that appellant had violated the terms and conditions of his probation by failing to report to his probation officer as directed for the period between September 2011 until June 2012, when he finally reported after being arrested. The State need only prove that the appellant committed one violation of his conditions. *Costes v. State*, 103 Ark. App. 171, 287 S.W.3d 639 (2008). We cannot say that the admission of the testimony in question constituted prejudicial error; accordingly, we affirm.

Affirmed.

GLOVER and HIXSON, JJ., agree.

*Shaun Hair*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.