

Cite as 2016 Ark. App. 10

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–14–981

| | |
|---|---|
| ANTHONY BILLY JAMES BURNELL<br>APPELLANT | **Opinion Delivered** January 13, 2016 |
| V. | APPEAL FROM THE GARLAND<br>COUNTY CIRCUIT COURT<br>[NO. 26CR-13-659] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JOHN HOMER<br>WRIGHT, JUDGE |
| | AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

## RAYMOND R. ABRAMSON, Judge

A Garland County jury convicted Anthony Billy James Burnell of second-degree murder, sentenced him to thirty years' imprisonment, and fined him $15,000. He also received a consecutive fifteen-year prison sentence for a firearm enhancement. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court, Burnell's counsel has filed a motion to withdraw on the grounds that this appeal is wholly without merit. The motion was accompanied by an abstract, brief, and addendum containing the adverse rulings and an explanation as to why each ruling is not a meritorious ground for reversal. Burnell was provided with a copy of his counsel's brief and notified of his right to file a list of pro se points for reversal, and he has filed a list of points. Having reviewed the record before us, we conclude that this appeal is wholly without merit and affirm Burnell's conviction.

SLIP OPINION

On December 9, 2013, the State charged Burnell with the first-degree murder of Christopher Howard. The case proceeded to a jury trial on August 7, 2014. At trial, Elizabeth Robbins, the director of the Garland County Historical Society, testified that she arrived to work on October 12, 2013, and discovered a deceased man lying on the lawn wearing only a shirt and underpants. She stated that she called the police and that officers arrived shortly thereafter. She noted that the historical society is located on Quapaw Street.

Kiandre Tidwell testified that he was a friend of Burnell's and Howard's and that on the night of October 11, 2013, he gave them a ride to Burnell's apartment on Prospect Street, which is close to Quapaw Street. He stated that after he had dropped Howard and Burnell off at the apartment, he went home.

Quentavia Rollins testified that she had been in a relationship with Burnell in 2013 and that they had lived together in an apartment building on Prospect Street. She further testified that Howard had been at their apartment playing dice with Burnell on the night of October 11, 2013. She stated that while they were playing, Howard and Burnell got into an argument and left the apartment. She explained that after they left, she heard multiple gunshots. She stated that Burnell then returned to the apartment and told her that he had killed Howard. He told her that he had shot him with his gun and Howard's gun and that he had taken Howard's pants off after he shot him. Rollins also noted that Burnell had been wearing a black-and-white striped shirt and shorts on that night.

Rayko Todorovic testified that he managed and lived in the apartment building on Prospect Street. He noted that he lived in the apartment next door to Burnell and that they

2

shared a bathroom. He stated that officers from the Hot Springs Police Department came to the apartment to investigate Howard's murder, and they told him if he saw anything strange to contact them. A few days later, Todorovic noticed that the toilet in the bathroom was malfunctioning, so he removed the lid from the tank. He then discovered clothing that had been shoved into the tank. He called the police, and they collected the clothing.

Detective Les Jessup with the Hot Springs Police Department testified that, as part of the investigation of Howard's death, he retrieved the clothes from the apartment building. He stated that the clothes consisted of a black-and-white striped shirt and black shorts. He noted that the shirt had a price tag from T.J. Maxx.

Detective Michael Hall with the Hot Springs Police Department testified that he also investigated Howard's murder. He stated that after Detective Jessup retrieved the clothing from the toilet at the apartments, he contacted T.J. Maxx's security team and asked whether it could determine from the price tag who purchased the clothing. He explained that, by using the information on the tag, the team retrieved security camera footage from the date and time the shirt was purchased that showed Burnell purchasing the shirt.

Shantell Taylor, a criminalist with the Arkansas State Crime Lab, testified that she analyzed the black-and-white striped shirt and the shorts found in the toilet and that she identified gunshot residue on both the shirt and the shorts. Jennifer Floyd, a firearm examiner with the Arkansas State Crime Lab, testified that she compared the bullets found near and in Howard's body and that one bullet appeared to have been fired from a different gun compared to the other bullets. Dr. Frank Peretti, the associate medical examiner with the Arkansas State

Crime Lab, testified that he conducted Howard's autopsy, and the cause of death was eight gunshot wounds to Howard's head, chest, stomach, and arm.

At the close of the State's case, Burnell's counsel moved for a directed verdict on the first-degree-murder charge. He asserted that Rollins's testimony showed that Burnell did not act purposely. The court denied the motion. Burnell's counsel renewed his motion at the close of his evidence, and the court again denied it. The jury then convicted Burnell of second-degree murder.

Pursuant to Arkansas Code Annotated section 5-10-103 (Repl. 2013), a person commits murder in the second degree if the person knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life. In testing the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the State and affirm if the conviction was supported by substantial evidence. *Richey v. State*, 2013 Ark. App. 382.

In Burnell's counsel's no-merit brief, counsel accurately asserts that there can be no meritorious challenge to Burnell's second-degree-murder conviction. Burnell waived his sufficiency argument for his second-degree-murder conviction because his directed-verdict motion was based on first-degree murder. *See Mainard v. State*, 102 Ark. App. 210, 283 S.W.3d 627 (2008). Further, the evidence presented at trial supports a conviction for second-degree murder.

The circuit court made two evidentiary rulings that were adverse to Burnell, and his counsel has provided an explanation as to why neither of these ruling could support a

meritorious appeal. Trial courts have broad discretion in deciding evidentiary issues, and their rulings on the admissibility of evidence are not reversed on appeal absent an abuse of discretion. *Laswell v. State*, 2012 Ark. 201, 404 S.W.3d 818. Based on our review of the record, we conclude that neither of these evidentiary rulings constituted reversible error and that neither could form the basis for a merit appeal.

The court also made an adverse ruling against Burnell during the sentencing phase. Specifically, Burnell's counsel requested a jury instruction on an alternative sentence. However, after the court noted that alternative sentences are not authorized for a conviction of second-degree murder, Burnell's counsel conceded the point. Further, Arkansas Code Annotated section 5-4-104(e)(1)(A)(v) (Repl. 2013) specifically excludes alternative sanctions as a sentence for a conviction of second-degree murder. Accordingly, the court's refusal to instruct the jury on alternative sentences does not constitute a meritorious ground for reversal.

In his pro se points, Burnell asserts that his counsel was ineffective. However, Burnell did not raise an ineffective-assistance-of-counsel claim at trial. Thus, his argument is not preserved for our review. *Breeden v. State*, 2013 Ark. 145, 427 S.W.3d 5.

Affirmed; motion to withdraw granted.

VIRDEN and WHITEAKER, JJ., agree.

*Charles D. Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Driver Younger*, Ass't Att'y Gen., for appellee.