RITA W. GRUBER, Chief Judge
Appellant Tiffany Rena Campbell appeals her conviction for aggravated robbery. For reversal, she argues that the circuit court erred in denying her motion to dismiss the aggravated-robbery charge because the State failed to introduce substantial circumstantial evidence that Campbell shot Mark Caster in the head to facilitate the theft of his pickup truck. We disagree and affirm.
Following a bench trial on January 10-12, and February 9, 2018, the Pulaski County Circuit Court found Campbell guilty of aggravated robbery, criminal attempt to commit capital murder, robbery, residential burglary, and terroristic act.[1] On March 27, 2018, Campbell was sentenced as a habitual offender to twenty years' imprisonment in the Arkansas Department of Correction for each offense, with the sentences to run concurrently. She was sentenced to an additional ten years' imprisonment pursuant to the firearm-enhancement statute for aggravated robbery, criminal attempt to commit capital murder, and terroristic act, with the enhancement to run consecutively to the twenty-year term. She filed a timely notice of appeal.
Although Campbell was convicted of crimes against two people, Campbell's argument on appeal only challenges the sufficiency of the evidence to support the conviction for the aggravated robbery of Mark Caster. Therefore, our recitation of the facts is limited to those related to this conviction and necessary to her argument on appeal.
Caster testified at trial that he agreed to meet Campbell at the Exxon gas station on 65th Street in Little Rock on January 19, 2017. He thought she wanted to meet to borrow money because he had loaned her money in the past. Caster, who was driving a 1991 Chevrolet GMC extended-cab pickup truck, arrived about fifteen minutes before Campbell. When she arrived, she told him by phone to follow her but did not say where she was going. She led Caster to Benny Craig Park, where she backed into a parking space. He backed in beside her small white car so that his passenger door was next to her driver's door. When he first arrived at the park around 7:00-7:30 in the evening, he did not see anyone else there.
Caster got out of his truck, went to the driver's door of her car, greeted her, and asked her what she needed. Campbell responded by asking him how her hair looked and commenting that he had a nice *732 truck. She got out of her car and sat in the passenger seat of his truck. They had been talking for several minutes when Caster noticed a man carrying a backpack, who he thought was a "hobo" walking to go sleep in the woods. He started his engine and told Campbell he was not going to sit in the truck because he had heard about a killing at a park. He told Campbell to get in her car and go. Campbell initially stayed in Caster's truck, but then she got out of the truck and walked around to his driver's side door, at which time he got out of the truck because he was concerned about the man and did not want something to happen to her if he left. As he watched the man and Campbell out of the corner of his eye, he saw her right arm come up all of a sudden; he turned his head, heard a "boom," and fell to the ground. The boom he heard was a gunshot to the back of his head. The gunshot knocked him to the ground, but he jumped up and ran off. After running half a mile, he knocked on doors for help and called 911.
Caster testified that he was wearing a black baseball cap the night of the shooting. He identified photos of his truck and stated they accurately depicted what his truck looked like when it was found. He said that one photo showed that the radio was missing with the wires coming out where the radio plugged in, and another showed that the seat had been burned. He said that his truck had a box speaker, an amplifier, and a car radio at the time of the shooting, and he identified the items introduced at trial as having been in his truck and belonging to him.
Officer Nathan Dale Herpen arrived at Benny Craig Park about 7:49 p.m. to respond to a shooting that had just occurred. There were no vehicles in the parking lot or people in the park. He found a black baseball cap, bloody glasses, one live .45-caliber round, and a spent .45-caliber shell casing in the parking lot.
Detective Roy Williams was assigned to the case involving Caster. He developed Campbell as a suspect, met with Caster, and showed him a photo line-up. Caster identified Campbell as the person who shot him. While he was not present when Caster's truck was recovered, Williams testified that it was located on January 21, 2017.
Officer Ronnie Morgan, a patrolman with the Little Rock Police Department, investigated a call regarding a suspicious person and made contact with Campbell on January 23, 2017, in an alley. He testified that there was a white Honda in close proximity to her and that he noticed a speaker box and other stereo equipment around the vehicle near the trunk. In addition to the speaker box, Morgan stated that there was a car stereo and an amplifier. When presented with the car stereo and amplifier, Morgan stated they looked like the ones he found beside the white Honda. He identified the speaker box as being the one found near the vehicle, which was the same one identified by Caster as belonging to him.
At the close of the State's case, Campbell moved to dismiss the aggravated-robbery charge involving Caster, arguing in part that there was no evidence of Campbell's intent to steal the truck. Her motion was renewed at the close of all the evidence.
A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence. Ark. R. Crim. P. 33.1 (2018); Warren v. State , 2019 Ark. App. 33, at 2, 567 S.W.3d 105, 107. This court will affirm a circuit court's denial of the motion if there is substantial evidence, either direct or circumstantial, to support the verdict. Id. Substantial evidence is defined as evidence *733 forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture. Id. The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict is considered. Id.
Although circumstantial evidence may provide the basis to support a conviction, it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. Morgan v. State , 2009 Ark. 257, at 6-7, 308 S.W.3d 147, 152. Whether the evidence excludes every other hypothesis is a decision left to the trier of fact. Id. Determinations of credibility and the weight of the evidence are matters for the circuit court in a bench trial and not for this court to decide on appeal. Oliver v. State , 2016 Ark. App. 332, at 4, 498 S.W.3d 320, 323. A judge at a bench trial is free to believe all or part of a witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. Id.
A person commits aggravated robbery if he or she commits robbery as defined by Ark. Code Ann. § 5-12-102, and the person (1) is armed with a deadly weapon; (2) represents by word or conduct that he or she is armed with a deadly weapon; or (3) inflicts or attempts to inflict death or serious physical injury upon another person. Ark. Code Ann. § 5-12-103(a) (Repl. 2013). "A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person." Ark. Code Ann. § 5-12-102 (Repl. 2013). Theft occurs if a person knowingly "(1) Takes or exercises unauthorized control over or makes an unauthorized transfer of an interest in the property of another person with the purpose of depriving the owner of the property; or (2) Obtains the property of another person by deception or by threat with the purpose of depriving the owner of the property." Ark. Code Ann. § 5-36-103(a) (Repl. 2013).
Campbell, pointing to three deficiencies in the State's case, contends that the State failed to introduce substantial circumstantial evidence that when she shot Caster in the head, she did so to facilitate the theft of his truck.
Campbell first contends that before shooting Caster, she did not say anything to him to indicate that she intended to take unauthorized control over his truck. This argument is without merit. The intent to commit a robbery may be inferred from the facts and circumstances of the particular case. Jenkins v. State , 350 Ark. 219, 228, 85 S.W.3d 878, 883 (2002). An element may be inferred by circumstantial evidence when there is no other reasonable explanation for the accused's conduct. Harshaw v. State , 275 Ark. 481, 484, 631 S.W.2d 300, 302 (1982) (stating that no explanation was offered for shooting the victim and no other reasonable hypothesis existed except that it was connected to the robbery).
Campbell next argues that the State offered no testimony that would have proved that she drove Caster's truck away from the crime scene. To prove that she committed aggravated robbery, the State was required to prove that she shot Caster with the purpose of taking possession or obtaining unauthorized control of his truck. See Ark. Code Ann. §§ 5-12-103(a)(3) & 5-12-102(a). As the State correctly points out, this argument fails because the State must only prove that Campbell had the purpose to commit theft when she shot Caster, not that she actually committed the theft. See also Robinson v. State , 303 Ark. 351, 797 S.W.2d 425 (1990).
*734 Finally, Campbell further asserts that the mere fact that she shot Caster in the head, without additional circumstantial evidence of her intent to take his truck, does not allow the fact-finder to reasonably infer that she had the specific intention to take his truck. Here, Campbell asked to meet Caster at a gas station and then lured him to a park. As he was keeping an eye on the man in the park, Campbell shot him. Law enforcement arrived at Benny Craig Park within an hour of the shooting, and Caster's truck was not there. Caster testified that on the day of the shooting, he had a box speaker, a CD player, and an amplifier in his truck. A few days later, Campbell was arrested while standing next to a white Honda with a speaker box and other audio equipment. At trial, Officer Morgan identified the speaker box as being the one found near Campbell and stated the stereo and amplifier looked similar to the ones found. Caster was able to identify all three items introduced as items that were in his truck at the time of the shooting.
A criminal defendant's intent or state of mind is seldom capable of proof by direct evidence. See Robinson v. State , 353 Ark. 372, 379, 108 S.W.3d 622, 625 (2003). Intent to commit a robbery may be inferred from the facts and circumstances of the particular case. Jenkins , 350 Ark. at 228, 85 S.W.3d at 883. The fact-finder may draw upon common knowledge and experience to infer the defendant's intent from the circumstances. Harmon v. State , 340 Ark. 18, 27, 8 S.W.3d 472, 477 (2000). An element may be inferred by circumstantial evidence when there is no other reasonable explanation for the accused's conduct. Harshaw, supra. Based on the circumstantial evidence introduced, the circuit court could reasonably infer that Campbell shot Caster with the intent to take his truck. Therefore, we affirm.
Affirmed.
Abramson and Harrison, JJ., agree.

Campbell signed a written waiver of her right to a jury trial on January 10, 2018.