Cite as 2020 Ark. App. 219

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CV-19-787

| | | |
|---|---|---|
| ANASTASIA GONZALES | | **Opinion Delivered:** April 8, 2020 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NOS. 17CR-18-22 & 17CR-18-974] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE GARY COTTRELL, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## MEREDITH B. SWITZER, Judge

Anastasia Gonzales appeals the Crawford County Circuit Court's revocation of her suspended imposition of sentences (SIS) in two criminal cases for the offenses of battery in the second degree, possession of methamphetamine, and possession of drug paraphernalia. Gonzales was sentenced to six years in the Arkansas Department of Correction for each offense, with the sentences to run concurrently. On appeal, she argues that the circuit court erred by requiring her to prove her failure to pay fines was not willful; that incarcerating a defendant for failure to pay fines or costs violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution when the failure is the result of an inability to pay; and that the circuit court erred in revoking her SIS due to her failure to appear. We affirm.

On August 5, 2018, Gonzales received a six-year SIS after pleading guilty to battery in the second degree in case no. 17CR-18-22 (17CR-18-22). She was assessed fines and

costs and ordered to make payments of $65 per month. Her SIS was conditioned on, among other things, her good behavior. The State filed a petition to revoke Gonzales's SIS in October 2018 for failure to pay fines and costs but withdrew that petition in January 2019 as a result of her guilty plea in case no. 17CR-18-974.

Gonzales pleaded guilty in 17CR-18-974 to one count of possession of methamphetamine, one felony count of possession of drug paraphernalia, one misdemeanor count of possession of marijuana, and one misdemeanor count of possession of drug paraphernalia. On January 17, 2019, she was given six-year suspended sentences for possession of methamphetamine and the felony count of possession of drug paraphernalia and twelve-month suspended sentences for the misdemeanor counts of possession of marijuana and possession of drug paraphernalia. Conditions of her SIS included thirty days of community service, suspension of her driver's license for six months, and good behavior. All suspended sentences were ordered to run concurrently.

On January 29, 2019, the State filed a petition to revoke Gonzales's SIS in both 17CR-18-22 and 17CR-18-974 for failure to make payments toward her fines and costs and for failure to report for community service. The revocation hearing was originally set for March 27, 2019, but was reset for April 24 due to the circuit court's grant of the State's motion for continuance. However, Gonzales failed to appear for the April 24 revocation hearing; a warrant was issued for her arrest; and the revocation hearing was rescheduled for July 3. On June 21, the State amended its revocation petition to add Gonzales's failure to appear as an additional basis for revoking her SIS.

2

After the July 3 revocation hearing, the circuit court found the State had proved by a preponderance of the evidence that Gonzales had violated her SIS. On July 13 the circuit court entered an order revoking Gonzales's SIS and sentencing her to concurrent six-year terms in the Arkansas Department of Correction for each of the offenses of battery in the second degree, possession of methamphetamine, and felony possession of drug paraphernalia. Gonzales filed a timely notice of appeal.

In order to revoke an SIS, the circuit court must find the State proved by a preponderance of the evidence that the defendant has inexcusably violated a condition of the suspension. *Joseph v. State*, 2019 Ark. App. 276, 577 S.W.3d 55. When multiple violations are alleged, a circuit court's revocation will be affirmed if the evidence is sufficient to establish that the appellant violated any one condition of the SIS. *Daniels v. State*, 2019 Ark. App. 473, 588 S.W.3d 116. A circuit court's revocation of an SIS will be affirmed on appeal unless the decision is clearly against the preponderance of the evidence. *Id.* This court defers to the circuit court's determinations regarding witness credibility and the weight to be accorded testimony. *Id.*

With regard to her failure to appear for her April 24 revocation hearing, Gonzales admitted she knew she was supposed to be in court that day. However, she testified she had to accompany her father to the hospital for his chemotherapy treatment that day. She claimed she was unable to be in court at 8:30 a.m. because, even though her father's treatment began at 8:00 a.m., it lasted all day. She admitted her mother could have dropped her off for court and then come back to get her, but instead she went with her father because he asked her to do so.

Gonzales knew she was required to appear in court on April 24. She understandably wanted to assist her ill father, yet there was no testimony that she attempted to notify the court of her conflict or to have her hearing continued to later in the day or another day; rather, she simply failed to appear for her revocation hearing even though she was aware of the time and date. Given this evidence, we cannot say the circuit court erred in finding by a preponderance of the evidence that Gonzales violated the terms and conditions of her SIS. The State is required to prove only one violation to sustain a revocation, and because we affirm on the basis of Gonzales's failure to appear, it is unnecessary to address Gonzales's arguments concerning her ability to pay her fines and costs.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Scholl Law Firm, P.L.L.C.*, by: *Scott A. Scholl*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.