Cite as 2021 Ark. App. 2

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR–20–116

| | |
|---|---|
| ROBERT SCOTT WILCOX<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 13, 2021<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-16-50]<br><br>HONORABLE SAM POPE, JUDGE<br><br>MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

## BRANDON J. HARRISON, Chief Judge

In 2016, Robert Wilcox pleaded guilty to possession of drug paraphernalia, a Class D felony. He was sentenced to three years' imprisonment in the Arkansas Department of Correction followed by three years' suspended imposition of sentence (SIS). Wilcox was also ordered to pay $660 in fines and fees. In 2019, he appealed the revocation of his suspended sentence. Wilcox's attorney has filed a no-merit brief along with a motion to withdraw as counsel asserting that there is no issue of arguable merit for an appeal. Wilcox has not filed any pro se points for reversal.

Under *Anders v. California*, 386 U.S. 738 (1967), counsel seeking to withdraw from representation must satisfy this court that he or she has thoroughly reviewed the record for appealable issues and explain why any potential issue is frivolous for appellate purposes. This court's review when counsel submits an *Anders* brief is twofold. We ask whether counsel adequately fulfilled the requirements and whether an independent review of the record

presents any nonfrivolous issues. *Walton v. State*, 94 Ark. App. 229, 231, 228 S.W.3d 524, 526 (2006). This no-merit brief identifies three issues that counsel deems frivolous:

- "The trial court did not abuse its discretion in finding appellant guilty of violating the terms and conditions of his probation."

- "The court was correct in sustaining the state's objection that testimony was not relevant."

- "The court was correct in its ruling that the prosecutor was not being argumentative with appellant."

In a proceeding to revoke a defendant's SIS, the State must prove that the defendant violated at least one condition of the suspension by a preponderance of the evidence. *Gonzales v. State*, 2020 Ark. App. 219, at 3, 599 S.W.3d 341, 343. Contrary to counsel's assertion in the no-merit brief before us, our standard of review is not an abuse of discretion. We affirm the court's findings unless they are clearly against the preponderance of the evidence. *Thompson v. State*, 342 Ark. 365, 28 S.W.3d 290 (2000). With that correction, we move to the circuit court's decisions and what Wilcox's counsel wrote about them in the no-merit brief.

The circuit court found that Wilcox had violated the terms and conditions of his suspended sentence in two ways: he committed a new criminal offense and did not pay his court-ordered costs and fees. The court stated,

> I find that the State has proven that his conditions have been violated, specifically the condition providing for not committing another offense and not paying his costs and fees. There ha[s] certainly been some time where he has had when he was making some money that he could have paid on these. He's not paid a penny.

It then revoked Wilcox's suspended sentence and sentenced him to two years in prison.

1. *A new criminal offense.* On 17 June 2019, the State filed a petition in the Ashley County Circuit Court to either revoke Wilcox's probation[1] or revoke his suspended imposition of sentence in this case (no. 02CR-16-50). The circuit court dismissed the June 2019 petition without prejudice for lack of evidence. On 10 September 2019, the State filed another petition to revoke, alleging that Wilcox had committed a new criminal act in Drew County when he failed to appear on 16 July 2018 as commanded to do so in Drew County case no. CR-18-56-1C. Wilcox had been charged with possession of methamphetamine and possession of drug paraphernalia and allegedly did not appear for a scheduled court appearance.

The Drew County Circuit Court later issued a bench warrant against Wilcox on 19 July 2018 for "Fta poss meth 5-64-419, poss of drug para 5-64-443." That warrant was served on Wilcox—in the Ashley County jail—on 30 August 2018. The Drew County bench warrant was entered as evidence during the hearing in the Ashley County revocation case that generated this appeal. But the State in this case did not produce a final, written disposition of the Drew County possession-of-methamphetamine and possession-of-drug-paraphernalia charges in case no. CR-18-56-1C. Nor did it produce a written or oral disposition of the failure-to-appear allegation related to the 16 July 2018 Drew County court date.

In the Ashley County revocation proceeding that generated this appeal, when Wilcox was asked about the State's allegation that he had failed to appear in the Drew

---

[1]The State's petition is incorrect insofar as Wilcox was never placed on probation. The petition seems to be of the cut-and-paste variety.

County Circuit Court on 16 July 2018, Wilcox denied that he was aware of the court date or that he had received any kind of notice about it. He said that he did not miss any court dates, that he went to court "for them charges for over a year," and that the charges were finally dismissed. The circuit court in this case sustained the prosecutor's objection that the Drew County charges for possession of methamphetamine and possession of drug paraphernalia were not relevant. Wilcox then said:

> I'm asking that this matter just, could I at least, you know, get time served. I mean, I've been locked up, incarcerated. I mean, I've spent four months incarcerated for the crime that I didn't commit and the charges were dismissed. And then I got a failure to appear on the crimes that were dismissed. I mean, I've served four, three more months on this.

Given all the facts of record that we have recited, which exceed those counsel presented in the no-merit brief before us, we conclude that counsel has not adequately explained how the revocation was not clearly against the preponderance of the evidence in the manner and degree that would fulfill the letter and spirit of an *Anders* brief. The State's allegation to support this revocation ground in this Ashley County case was Wilcox's failure to appear on 16 July 2018 in Drew County. Counsel asserts that there is no merit to a challenge to the sufficiency of the evidence on that ground. Yet the argument section of the no-merit brief contains no legal analysis related to the failure-to-appear issue. And there is the inadequate recitation of the procedural facts and only a few passing sentences about the witnesses' testimony. More from counsel is required.

We point out that Wilcox's SIS conditions require that he

> [n]ot commit any felony, misdemeanor or other criminal offense punishable by confinement in jail or prison. You are to report any arrest to the 10th Judicial District Prosecuting Attorney's Office within 72 hours.

4

Given the above SIS condition, counsel has not explained with sufficient particularity why a challenge to the State's proof that Wilcox "committed a new criminal act of failure to appear on July 16, 2018" would be wholly frivolous. As far as this record reveals, Wilcox was not ultimately charged with, much less convicted of, failing to appear in the Drew County Circuit Court on 16 July 2018. This record merely shows that an arrest warrant for failing to appear was issued and served. Simply put, counsel's current no-merit brief has not satisfied the exacting standard set forth in *Anders*, and we are left with more questions than assurances.

2. *Failure to pay*. As part of his 2016 sentence in this case (no. 02CR–16–50), Wilcox was ordered to pay $660 in fines and fees. The SIS conditions that Wilcox and the circuit court had signed stated that Wilcox was to pay $660 plus a $10 "monthly installment fee" at a rate of $100 per month "to the Sheriffs Office"; Wilcox's SIS conditions are silent as to when the first payment was to be made. The 2016 sentencing order, too, is silent on when Wilcox's installment payments of $100 per month towards his debt were to begin after he was released from the Arkansas Department of Correction.

Shannon Sisk, an Ashley County Sheriff deputy clerk, testified that her job duties included taking fine payments. She said that Wilcox had made no payments in this Ashley County case (no. 02CR–16–50). Deputy Sisk specifically told the court that Wilcox had been released from the Arkansas Department of Correction 11 June 2019 and that he "was supposed to start paying within sixty days. And there's not been a payment received." Sisk's ledger reflecting Wilcox's nonpayment in this case was entered as evidence against him.

Wilcox testified that he had been incarcerated since 27 July 2019. He also said he had been jailed in Drew County for possession of methamphetamine and drug paraphernalia for four months in 2019; but those charges were dismissed in July. According to Wilcox, he was "originally released from ADC and sent to Louisiana." Wilcox claimed that he was never aware of the fines or fees in this case (no. 02CR-16-50) and that, in any event, he was unable to pay because he had been incarcerated. The circuit court found that Wilcox's testimony that he did not know he had to pay costs and fees in this case was "just false."

Given this and other testimony during the Ashley County SIS revocation hearing, counsel has not adequately discussed the evidence and law and why an appeal of the fines-and-fees point would be wholly frivolous. For example, the no-merit brief does not address the circuit court's credibility determination that Wilcox was untruthful about his knowledge of the fees and fines. Nor does the brief explain how the State's proof sufficiently rebuts Wilcox's excuse that he did not pay the fines and fees because he was in jail. If a defendant asserts and explains an inability to pay, the State must establish by a preponderance of the evidence that the defendant made no good-faith effort to pay or was not justified in his nonpayment for some reason. The State cannot stand on nonpayment alone. *Hanna v. State*, 2009 Ark. App. 809, at 5, 372 S.W.3d 375, 379.

We hold that counsel has not presented a brief of the caliber that we will accept under the *Anders* standard. We therefore deny the motion to withdraw and order rebriefing. Counsel is directed to file a compliant no-merit brief or a merit brief—the choice remains counsel's—within fifteen days from this opinion's date. If a no-merit brief is filed, counsel's motion and brief will be forwarded by this court's clerk to Wilcox so that he has the

6

opportunity to raise any points that he chooses.  The Attorney General's Office will also be given the opportunity to file a responsive brief for the State if it so chooses.

Motion to withdraw denied; rebriefing ordered.

GLADWIN and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

One brief only.