Cite as 2022 Ark. App. 318

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-21-304

| | | |
|---|---|---|
| AARON MCKAY | | Opinion Delivered September 7, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| V. | | [NOS. 04CR-10-1589; 04CR-11-567; 04CR-11-640; 04CR-14-1257; 04CR-14-1590] |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | HONORABLE BRAD KAREN, JUDGE |
| | | REVERSED AND REMANDED |

**MIKE MURPHY, Judge**

On February 3, 2020, the State filed petitions to revoke Aaron McKay's suspended impositions of sentence (SIS) in five cases. The 2010 conviction was for sexual indecency with a child. The other four cases were for failure to comply with reporting requirements under the Sex Offender Registration Act, codified at Arkansas Code Annotated section 12-12-904 (Supp. 2021). A hearing was held on the State's petition, and the court revoked the suspended sentences in two of the failure-to-comply cases. McKay is serving two eight-year sentences, to run consecutively, for a total of sixteen years' incarceration. McKay now appeals and argues that the evidence was not sufficient to support the circuit court's finding that he violated a condition of his SIS contract. We reverse and remand.

McKay is a registered Level 3 sex offender. The petition to revoke alleged that McKay violated the condition of his SIS contract that he must not violate any law. Specifically, it alleged that he committed a new felony by living too close to a school and therefore violated residence restrictions that apply to registered Level 3 sex offenders.

At the revocation hearing, the following evidence was introduced. Detective Thomas Hammer testified that on January 25, 2020, the police responded to a motel to render aid to McKay, who was "having a bad reaction to some bad methamphetamines," and McKay was transported to the hospital. After consulting with McKay's parole officer, Detective Hammer began investigating McKay's living situation. He obtained a receipt that showed McKay's boss had paid for a room at the motel for McKay and his girlfriend. The employer later told Hammer that McKay had said he was homeless and living out of his car, so he paid for McKay to stay at the motel for the week. No receipts were introduced. Hammer did not testify how long McKay had been staying at the motel. In fact, the extent of Hammer's testimony was that "[the employer] said that he only paid for the first week with a credit card but did not pay for the other week [McKay and his girlfriend] were living in the room." He said that McKay never contacted his parole officer or otherwise reported that he was staying at the motel, which was near a school.

Officer Michael Diehl, a parole officer who had been assigned McKay's case in November 2019, also testified. Officer Diehl said that McKay had reported on January 2 and 17 and told him that he was still living at his registered address in Gravette and walked to his job and to the parole office. Diehl said this was hard to believe because it was a six-hour

2

walk according to Google. He said that he had also, in the two months prior, attempted two home visits to the Gravette address to no avail.

The State rested. McKay did not put on any witnesses. The court dismissed several of the counts in the petition but found that a preponderance of the evidence established that McKay had willfully violated the condition of his SIS by committing a felony violation of Arkansas Code Annotated section 5-14-128(a) (Supp. 2021), which prohibits Level 3 sex offenders from knowingly residing within two thousand feet of a school. On appeal, McKay argues that the State presented no evidence that he knew the motel was within two thousand feet of a school or that he resided at the motel.

To revoke an SIS, the State must prove by a preponderance of the evidence that the defendant has inexcusably violated a condition of the suspension. *Gonzales v. State*, 2020 Ark. App. 219, at 3, 599 S.W.3d 341, 343. A circuit court's revocation of an SIS will be affirmed on appeal unless the decision is clearly against the preponderance of the evidence. *Id.* This court defers to the circuit court's determinations regarding witness credibility and the weight to be accorded testimony. *Id.*

Prior to 2015, Arkansas Code Annotated section 5-14-128 provided that a Level 3 sex offender may not reside within two thousand feet of a school, essentially a strict-liability standard. In 2015, however, the legislature passed Act 376 amending the statute to read that Level 3 sex offender may not *knowingly* reside within two thousand feet of a school. *Compare* Ark. Code Ann. § 5-14-128 (Supp. 2009) *with* Ark. Code Ann. § 5-14-128 (Supp. 2015). This area of law is largely undeveloped since the addition of the knowingly requirement; any cases

dealing with the residential requirement decided prior to the 2015 amendment are less persuasive. Given the current statute and this record, we conclude that the State did not present sufficient evidence at the revocation hearing to establish that McKay knowingly resided within two thousand feet of a school.

A criminal defendant's intent or state of mind is seldom capable of proof by direct evidence. *Campbell v. State*, 2019 Ark. App. 297, at 7, 577 S.W.3d 729, 734. Criminal intent can be inferred from one's behavior under the circumstances, and it is presumed that one intends the natural and probable consequences of one's acts. *Harmon v. State*, 340 Ark. 18, 26, 8 S.W.3d 472, 477 (2000). The fact-finder "may draw upon common knowledge and experience to infer the defendant's intent from the circumstances." *Id.* at 27, 8 S.W.3d at 477. An element may be inferred by circumstantial evidence when there is no other reasonable explanation for the accused's conduct. *Campbell*, 2019 Ark. App. 297, at 8, 577 S.W.3d at 734. The State would have us reason that the knowingly element could be inferred because McKay has a history of noncompliance with the Sex Offender Registration Act such that he is aware of the places he is prohibited from living, which is further inference of McKay's consciousness of guilt. We disagree. When the legislature enacted Act 376, it clearly did not intend for this to be a strict-liability offense.

A person acts knowingly when he is aware that his conduct is of that nature or that the attendant circumstances exist. Ark. Code Ann. § 5-2-202(2)(A) (Repl. 2013). He could also act knowingly when he is aware that it is practically certain his conduct will cause the result. Ark. Code Ann. § 5-2-202(2)(B). The State introduced nothing that could tick either

4

of these boxes. Regarding the residing element, there was no evidence that he had been staying at the motel for longer than a week or that he kept any personal effects at the motel, and there was no record of his comings and goings. But even if he were residing at the motel, there is likewise no evidence that he knew, more likely than not, that he was within two thousand feet of a school. Regarding the proximity element, the State did not introduce any map of the area. Nor did any witness discuss signs or sightlines or testify that the distance had even been measured. Frankly, nothing beyond Hammer's statement that the motel was within two thousand feet of Heritage High School was introduced.

We acknowledge the lower burden of proof in probation hearings, but with the change in 2015, the legislature made it clear that it did not intend for this crime to be a strict-liability offense. Accordingly, when trying a case such as this, the bar should take caution that conclusory statements that a defendant is residing near a school is not sufficient to establish culpability, even with the lower burden of proof necessary for an SIS revocation.

Reversed and remanded.

HARRISON, C.J., and WHITEAKER, J., agree.

*Kezhaya Law PLC*, by: *Sonia A. Kezhaya* and *Matthew A. Kezhaya*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.