Cite as 2023 Ark. App. 9

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-22-26

| | | |
|---|---|---|
| JOSEPH CESSNA | | Opinion Delivered January 18, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE POPE COUNTY CIRCUIT COURT |
| V. | | [NO. 58CR-18-245] |
| | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JAMES DUNHAM, JUDGE |
| | | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**RITA W. GRUBER, Judge**

Joseph Cessna appeals from an order of the Pope County Circuit Court revoking his suspended sentence and sentencing him to 180 months' imprisonment and 120 months' suspended imposition of sentence (SIS). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals, Cessna's counsel has filed a no-merit brief and a motion to withdraw asserting that there is no issue of arguable merit to raise on appeal. Cessna has filed pro se points for reversal, and the State has filed a response. We affirm the revocation and grant counsel's motion to withdraw.

On June 4, 2018, Cessna entered a negotiated guilty plea to possession with purpose to deliver (Class A felony) in the Pope County Circuit Court. Pursuant to the June 5

sentencing order, he was sentenced to twenty-four months' imprisonment followed by sixty months' SIS. In addition to paying fines, costs, and fees as directed, the order provided that the SIS was conditioned upon Cessna living a "law abiding life - not committing any offense punishable by imprisonment." The State filed a petition to revoke alleging that he had failed to live a law-abiding life by committing the new offenses of possession of a controlled substance and possession of drug paraphernalia on September 18, 2020, and failing to appear in the Pope County Circuit Court on January 12, 2021.

At the outset of the October 6, 2021 revocation hearing, the State introduced numerous exhibits stipulated to by defense counsel, including the June 5, 2018 sentencing order and the bench warrant for Cessna's January 12, 2021 failure to appear. The State called one witness, Deputy Kyle Jones of the Pope County Sheriff's Office, who testified that he encountered Cessna on September 18, 2020. He saw a vehicle speeding on a dirt road and tried to catch up with the vehicle. He did not initially make a traffic stop but saw that the vehicle had pulled into a residence. Jones recognized Cessna from previous interactions, knew he has a history of possession of controlled substances, saw that he was not wearing a seatbelt, and made a traffic stop to further investigate.

Cessna was the only occupant of the car. Dispatch advised that the license plate came back as fictitious. When Jones asked why he was traveling so fast on a dirt road, Cessna responded that he had grown up in the area and was driving forty or fifty miles an hour. Cessna consented to Jones's request to search the vehicle. The search revealed two small bags of a crystal-like substance that was later determined by the Arkansas State Crime Laboratory

2

to be methamphetamine. When Jones poured out the contents of a Styrofoam cup from the center console, a glass smoking device for smoking methamphetamine was in the bottom of the cup. Jones stated that the contraband was found within Cessna's arm's reach. On cross-examination, Jones could not recall if Cessna stated who owned the vehicle but said that Cessna appeared surprised when the drugs and pipe were discovered.

In his defense, Cessna testified that the vehicle belonged to his girlfriend, Morgan. Morgan had been with him that day but got out at the residence and "took off running." Cessna denied that the drugs belonged to him and indicated that they belonged to Morgan. He said that he had no knowledge that the drugs or paraphernalia were in the car and would not have allowed the search had he known.

At the conclusion of the hearing, the circuit court revoked Cessna's SIS, finding that he was in possession of a controlled substance and paraphernalia and failed to appear on January 12, 2021, as evidenced by the State's exhibit. Pursuant to the sentencing order filed October 13, 2021, Cessna was sentenced to 180 months' imprisonment to be followed by 120 months' SIS. A timely notice of appeal followed.

Rule 4-3(b) requires the argument section of a no-merit brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." This briefing requirement ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Vail v. State*, 2019 Ark. App. 8. Pursuant to *Anders*, we are

3

required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

Counsel adequately addresses the only adverse ruling below—the revocation itself. The circuit court found that Cessna was in violation of the conditions of his SIS for failing to appear and for possession of a controlled substance and drug paraphernalia, and either one would support revocation.

In order to revoke an SIS, the circuit court must find that the State proved by a preponderance of the evidence that the defendant has inexcusably violated a condition of the suspension. *Gonzales v. State*, 2020 Ark. App. 219, at 3, 599 S.W.3d 341, 343. When multiple violations are alleged, a circuit court's revocation will be affirmed if the evidence is sufficient to establish that the appellant violated any one condition of the SIS. *Id.* A circuit court's revocation of an SIS will be affirmed on appeal unless the decision is clearly against the preponderance of the evidence. *Id.* This court defers to the circuit court's determinations regarding witness credibility and the weight to be accorded testimony. *Id.*

Here, the State introduced the bench warrant issued as a result of Cessna's failure to appear in the Pope County Circuit Court on January 12, 2021. Cessna's counsel stipulated to this exhibit. Cessna testified in his defense but offered no explanation of why he had failed to appear. *McClain v. State*, 2016 Ark. App. 205, at 4, 489 S.W.3d 179, 181–82 (noting that appellant provided no evidence beyond his bare assertion that he was hospitalized when he failed to appear, and matters of credibility are left to the fact-finder); *see also Payne v. State*, 21 Ark. App. 243, 731 S.W.2d 235 (1987) (affirming conviction for failure to appear noting

that it was appellant's obligation to establish to the satisfaction of the jury that he had a reasonable excuse for his failure to appear). Because Cessna failed to offer a reasonable excuse for his failure to appear, there would be no meritorious challenge to the sufficiency of the evidence to support the revocation. Because only one violation is necessary to support the revocation, we need not address the court's finding that Cessna was in violation for possession of a controlled substance and possession of drug paraphernalia.

Counsel also addresses the failure of the circuit court to provide a written statement of evidence and reasons for revoking the suspended sentence, arguing that it would not be a meritorious ground for reversal. Arkansas Code Annotated section 16-93-307(b)(5) (Repl. 2016) provides that "[i]f suspension or probation is revoked, the court shall prepare and furnish to the defendant a written statement of the evidence relied on and the reasons for revoking suspension or probation." Because this issue was not raised in the circuit court, it could not constitute an adverse ruling that would support a meritorious argument on appeal. *See Kennedy v. State*, 2021 Ark. App. 413, at 8–9, 635 S.W.3d 524, 528 (refusing to address argument that a revocation should be reversed for failure to comply with Ark. Code Ann. § 16-93-307(b)(5) because it was not raised below and therefore not preserved for appeal).

In his pro se points, Cessna contends that his counsel was ineffective because she failed (1) to request that the circuit court provide a written explanation for revoking his suspended sentence and (2) to inquire about the reason for his failure to appear. However, Cessna did not raise an ineffective-assistance-of-counsel claim at trial. Thus, his argument is not preserved for our review. *Burnell v. State*, 2016 Ark. App. 10, at 5.

From our review of the record and the brief presented to us, we find that counsel has complied with *Anders* and Rule 4-3 and hold that the appeal is without merit. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

BARRETT and MURPHY, JJ., agree.

*Davis Firm, PLLC*, by: *Jason R. Davis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.