Cite as 2023 Ark. App. 381

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-22-675

| | | |
|---|---|---|
| OSCAR HILL | | Opinion Delivered September 13, 2023 |
| | APPELLANT | APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT [NO. 71CR-19-6] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE H.G. FOSTER, JUDGE |
| | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**RITA W. GRUBER, Judge**

Appellant Oscar Hill appeals from an order of the Van Buren County Circuit Court revoking his probation. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals, Hill's counsel has filed a no-merit brief and a motion to withdraw asserting that there is no issue of arguable merit to raise on appeal. The clerk of this court sent Hill a copy of his counsel's brief and motion to inform him of his right to file pro se points for reversal. He did not file pro se points. We affirm the revocation and grant counsel's motion to withdraw.

On January 14, 2019, the State filed a felony information charging Hill with possession of drug paraphernalia to ingest or inhale; possession of methamphetamine or cocaine with purpose to deliver (less than two grams); possession of a controlled substance (Schedule III less than two grams); driving with a canceled, suspended, or revoked license;

and operation of a vehicle without the minimum insurance coverage required by law. Hill entered a negotiated guilty plea to possession of drug paraphernalia (a Class D felony) and possession of methamphetamine/cocaine (less than two grams) (a Class C felony). In a July 24, 2019 sentencing order, appellant was sentenced to thirty-six months' probation for each offense to run concurrently. The conditions of Hill's probation included that he not violate the law and report any arrest or questioning by law enforcement within twenty-four hours; report to the probation office as directed; not purchase, own, or possess any firearm; pay probation fees as scheduled; abstain from using alcoholic beverages and illegal drugs; and periodically submit to drug and blood-alcohol tests.

The State filed a petition to revoke Hill's probation on December 4, 2020, alleging that he was arrested on August 24, 2020, released on August 25, and failed to notify his supervising officer within twenty-four hours of the arrest; failed to make himself available for random drug testing; failed to report to his supervising officer on October 5, 2020, and failed to make contact with his supervising officer since August 11, 2020; failed to provide his supervising officer with his current address or proof of gainful employment for the months of September, October, and November; failed to provide his supervising officer with proof of fine payments for the months of September, October, and November; and failed to complete community service as directed by his supervising officer.

A revocation hearing took place on August 15, 2022. Jimmy Carter, a probation and parole agent for Arkansas Department of Community Correction, testified that Hill began his supervision on July 22, 2019. Carter said that Hill violated the conditions when he failed

to report to his supervising officer within twenty-four hours after being arrested in Faulkner County on August 24, 2020; failed to make himself available for drug testing by absenting himself from supervision; failed to appear on October 5, 2020; and had no contact since the failure to appear. Carter testified that the agency had not heard from Hill in two years, explaining that Hill failed to provide his supervising officer with a current address or proof of gainful employment for September, October, and November of 2019, at which point he absconded. When Hill was eventually arrested, he tested positive for methamphetamine and amphetamine.

Hill testified that he had not reported because he and his wife were divorcing after he learned that he was not the father of their six-month-old baby. He said he had to move out of the house when they separated, stating that "it was at a bad time. And I just failed to report." Hill admitted fault but said he had maintained the same job for the past eight years and that he owns a home in Van Buren County.

At the conclusion of the hearing, the circuit court found that Hill was in violation of the conditions of his probation by failing to report as required. Pursuant to the August 25, 2022 sentencing order, the circuit court revoked Hill's probation for possession of drug paraphernalia and possession of methamphetamine/cocaine with purpose to deliver (less than two grams) and sentenced him to concurrent sentences of 72 months' and 120 months' imprisonment. This no-merit appeal followed.

Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals requires the argument section of a no-merit brief to contain "a list of all rulings adverse to

3

the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." Ark. Sup. Ct. R. 4-3(b) (2022). The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Vail v. State*, 2019 Ark. App. 8. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

Counsel adequately addresses the only adverse ruling—the revocation of Hill's probation. The circuit court found that Hill was in violation of the conditions of his probation for failing to report as required, noting that he lived nearby and did not report for two years. The court stated that it heard Hill testify that he "panicked and that sort of stuff. That is a natural human reaction. But at some point, in two years, . . . if I lived within 20 miles of the Sheriff's office, it would have occurred to me to go down there and figure out what the situation was."

In order to revoke, the circuit court must find the State proved by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation. *Gonzales v. State*, 2020 Ark. App. 219, at 3, 599 S.W.3d 341, 343. When multiple violations are alleged, a circuit court's revocation will be affirmed if the evidence is sufficient to establish that the appellant violated any one condition of the probation. *Id.* A circuit court's revocation of probation will be affirmed on appeal unless the decision is clearly against the

4

preponderance of the evidence. *Id.* This court defers to the circuit court's determinations regarding witness credibility and the weight to be accorded testimony. *Id.*

In the present case, the conditions of Hill's probation required him to report to his probation officer as directed. There was testimony from the probation officer that Hill failed to report as required. Hill admitted that he failed to report because he was going through a "bad time." The circuit court, however, was not required to believe him or excuse his failure to comply with the conditions. *Owens v. State*, 2009 Ark. App. 876, at 8, 372 S.W.3d 415, 419–20. We agree that there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation.

From our review of the record and the brief presented to us, we conclude there is compliance with *Anders* and Rule 4-3(b) and that there is no nonfrivolous argument that could serve as the basis for an appeal. Thus, we affirm and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and BROWN, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

One brief only.