Cite as 2024 Ark. App. 447

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-23-287

| | | |
|---|---|---|
| CHRISTON HOUSTON | | Opinion Delivered September 25, 2024 |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-21-453] |
| V. | | |
| | | HONORABLE KEN CASADY, JUDGE |
| STATE OF ARKANSAS | | REVERSED |
| | APPELLEE | |

## RITA W. GRUBER, Judge

This case is back before us, having previously been remanded to settle and supplement the record.[1] Christon Houston appeals the November 10, 2022 Saline County Circuit Court sentencing order revoking his probation and sentencing him to sixty months' imprisonment in the Arkansas Division of Correction (ADC), twelve months' imprisonment in the Saline County jail, and sixty months' probation. On appeal, Houston requests that this court reverse the revocation, arguing that the circuit court did not enter or approve his conditions of probation. We reverse.

I. *Factual and Procedural Background*

---

[1]This is a companion case to another criminal-revocation case, *Houston v. State*, 2024 Ark. App. 448. On January 24, 2024, we handed down *Houston v. State*, 2024 Ark. App. 21, and *Houston v. State*, 2024 Ark. App. 22, in which we remanded to settle and supplement the record, ordered rebriefing, and denied without prejudice counsel's motion to withdraw.

On January 7, 2022, Houston was sentenced to an aggregate of sixty months' probation and two months in jail, having pled guilty to criminal mischief, theft of property, domestic battering, interference with a communications device, cruelty to animals, and failure to appear. In both this case and the companion case, fines and fees were assessed against him, and he was ordered to complete a six-month domestic-violence course within the first year of probation. The sentencing order in each case provides that the "[c]onditions of disposition or probation are attached."

On March 8, 2022, the State filed a petition for probation revocation (PTR) in both cases, alleging that Houston had violated the probation conditions by committing new offenses and testing positive for THC. On April 28, 2022, the State filed an amended PTR in each case, adding additional violations for failing to report as directed; failing to pay fines and costs; failing to attend a cognitive behavioral-education class and being discharged as a result; and providing a false address.

A combined revocation hearing was held on November 8, 2022. The State presented the testimony of Vanessa Townsend, a supervisor at the Arkansas Division of Community Correction in Saline County. She testified that she had been Houston's probation supervisor since he was placed on probation in January 2022. She stated that the conditions of his probation required him to pay fines and court costs in the amount of $1,115, which he had not done. Townsend further testified that the conditions of Houston's probation required him to complete a domestic-violence class within the first year; Houston had failed to provide her with proof of enrollment in a domestic-violence course; but she then admitted that the

2

year had not yet passed. Townsend also testified that the completion of the cognitive-behavior class was not a condition of Houston's probation. Townsend explained that Houston had tested positive for THC, had failed to report, and had been arrested, and she provided further details of those failures.

Houston also testified. He claimed that he had reported as required, saying that he visited Townsend on one occasion, and she "told [him] to come back a month later, so either it just didn't get documented or I'm not sure what happened." However, he then admitted he had failed to report. He further admitted that he himself had not paid anything on his fines because he "was struggling to survive after [he] got out of jail the first time" but that his father had paid his fines and fees "the first time." He admitted having eaten a THC edible while in jail, which caused a positive result. Houston also testified that he did not remember the class requirement. He explained that when he was arrested in February, the mother of his son was also arrested with him, and she was the aggressor and he the victim.

The circuit court found that Houston had violated the conditions of his probation but did not specify which condition he had violated. A sentencing order was entered in each case on November 10, 2022. In this case, Houston was sentenced to an aggregate of sixty months in the ADC, twelve months in jail, and sixty months' probation. Houston timely appealed, designating the entire record on appeal.

## II. *First Appeal*

In the first iteration of this case as well as the companion case, Houston's counsel filed no-merit briefs and motions to withdraw pursuant to Rule 4-3(b)(1) of the Rules of the

3

Arkansas Supreme Court and Court of Appeals and *Anders v. California*, 386 U.S. 738 (1967). We remanded the cases to the circuit court to settle and supplement the records in this case and the companion case because neither contained the conditions of Houston's probations. We noted that the complete absence of the conditions in the record precluded our review of the sufficiency of the evidence in a no-merit case because we must know that Houston was apprised of the conditions of his probation, and we must also know what the conditions were so as to determine whether the circuit court's decision to revoke was not clearly against the preponderance of the evidence. *See Houston v. State*, 2024 Ark. App. 21; *see also Houston v. State*, 2024 Ark. App. 22. Accordingly, we denied counsel's motion to withdraw, remanded to settle and supplement the record, and ordered rebriefing. *Id.*

### III. *Remand*

On remand, the circuit court entered an identical order in each case on February 20, 2024, stating that the conditions of probation "were neither approved by the Court nor entered into the Court records" and that the parties had been unable to determine why. In so finding, however, the court stated that it accepted as true the affidavit of Becca Hines, a probation and parole officer with the Division of Community Correction, in which she stated that she had reviewed the conditions of probation with Houston on January 5, 2022. Accompanying her affidavit were her electronic notes reflecting that she had reviewed the conditions of probation with Houston. A copy of those conditions, which were initialed and signed by Houston, was also attached to the affidavit. What was not contained on the written conditions of probation was the date and signature of the sentencing judge, despite the fact

4

that the form contains a place for the judge to sign and date on the last page of the conditions. Counsel for Houston has now filed a merit brief on Houston's behalf, arguing that there was insufficient evidence to support the revocation.

## IV. *Standard of Review*

To revoke probation, the circuit court must find that the State proved by a preponderance of the evidence that the defendant has inexcusably violated a probation condition. *Gonzales v. State*, 2020 Ark. App. 219, at 3, 599 S.W.3d 341, 343. A circuit court's revocation will be affirmed on appeal unless the decision is clearly against the preponderance of the evidence. *Id.* When multiple violations are alleged, the revocation will be affirmed if the evidence is sufficient to establish that the appellant violated any one condition. *Id.* This court defers to the circuit court's determinations regarding witness credibility and the weight to be accorded testimony. *Id.*

## V. *Discussion*

Houston makes the same arguments in the companion case that he does in this case. Specifically, he argues that because his conditions of probation were never filed with or approved by the circuit court, his revocations should be reversed. He contends that the lack of approval and filing by the circuit court is a sufficiency issue rather than a procedural one such that a contemporaneous objection was not required to preserve the issue. He further contends that the facts presented in these cases invade Houston's Fourteenth Amendment procedural due-process rights. Houston argues that the State's failure to produce any

documentation to demonstrate that Houston had ever received and acknowledged any specific conditions of his probation constitutes reversible error.[2]

The State argues that the issue is a procedural one such that a contemporaneous objection was required at the revocation hearing, and as conceded by Houston, no such objection was made. Thus, the State contends that the issue is not preserved. *See Costes v. State*, 103 Ark. App. 171, 175, 287 S.W.3d 639, 643 (2008) (whether there is proof that a probationer received written conditions of probation is a procedural matter, and not one of the sufficiency of the evidence, because the purpose of providing the conditions in writing is to prevent confusion on the probationer's part). The State further argues that even if a contemporaneous objection was not required, Houston's arguments are meritless because he admitted he had not completed the domestic-violence class as required by the sentencing orders.

Houston argues that the State's failure to produce any documentation to demonstrate that *he* had received or acknowledged any specific conditions of his probation resulted in reversible error. He acknowledges that in *Whitener v. State*, 96 Ark. App. 354, 241 S.W.3d 779 (2006), this court found that such an argument must be raised at trial or it is waived, but he argues that it should be overruled or limited. To the extent Houston argues that the State should have produced documentation of the conditions of probation or that he never received written notice of the conditions of his probation—arguments he makes for the first

---

[2]We note that we do not have the record transcripts from the underlying criminal proceedings.

time on appeal—we agree with the State that our case law mandates that his argument is procedurally barred for failure to raise it below.

However, Houston also argues that the circuit court can base a revocation only on a violation of an actual term or condition of probation and that no such conditions were ever entered or approved in his case. Houston argues:

> If the defendant objects to the State's failure to introduce Conditions of Probation then it would give the State a procedural opportunity to remedy the challenge to the evidence. However, in rare cases such as in the instant one, the fact that the trial court never approved or entered Conditions of Probation changes the nature of the issue from procedural to jurisdictional. With no Conditions of Probation to rely, the trial court would lack authority to revoke a sentence of probation on the allegations that Appellant violated conditions that were never approved or entered.

This argument goes to the sufficiency of the evidence—which condition *imposed* by the court did Houston violate—rather than procedural—whether the State proved Houston was provided written notice of the conditions *imposed*. In other words, we are faced with a substantive issue rather than a procedural one, and while this court generally will not address arguments raised for the first time on appeal, this argument challenges the sufficiency of the evidence, which may be raised for the first time on appeal. *Hare v. State*, 2024 Ark. App. 223, at 9, 687 S.W.3d 158, 163.

On remand, the circuit court entered an order that specifically stated it had neither approved nor entered the conditions of probation contained within the supplemental

7

record. In other words, the conditions of probation were not imposed.[3] It is axiomatic that a circuit court cannot revoke a probationary or suspended sentence on a violation of a condition that has never been imposed or that was not in effect at the time of the revocation hearing. *Ross v. State*, 268 Ark. 189, 594 S.W.2d 852 (1980) (courts have no power to imply and subsequently revoke conditions that were not expressly communicated in writing to a defendant as a condition of his suspended sentence); *Harris v. State*, 98 Ark. App. 264, 254 S.W.3d 789 (2007) (conditions of suspension did not contain a requirement that Harris live a law-abiding life, be of good behavior, or be of good conduct; therefore, court was not entitled to revoke Harris's suspended sentences on the basis of a finding that Harris violated one of those conditions); *Blankenship v. State*, 2014 Ark. App. 104 (court imposed eight conditions of suspended sentence, and community service was not a condition; Blankenship later found in contempt for violating conditions, and court ordered community service; Blankenship was aware he was ordered to perform community service, but the contempt order did not state that community service was new condition of suspended service; thus, failure to satisfy community-service requirement could not serve as a basis for revocation).

Likewise, it matters not that the probation officer informed Houston of the conditions he was ultimately found to have violated if those conditions were never imposed

---

[3]We note that the conditions contained within the supplemented record were not signed by the judge despite the fact that there is a place to do so on the forms. We are not holding that the circuit court's signature was required to make the conditions of probation valid, nor are we aware of any such requirement. However, the presence of the circuit court's signature would be good evidence that the court had imposed the conditions in the first instance.

by the court. In *Wade v. State*, 64 Ark. App. 108, 983 S.W.2d 147 (1998), the circuit court imposed conditions on Wade's probation, including a requirement that Wade perform one hundred hours of community service. The court's order did not specify a time frame in which the community service must be performed. The work-program adviser for the Department of Community Punishment met with Wade, discussed Wade's availability, and advised Wade that he must complete his community service by April 30, 1997, despite his probation lasting until October 1997. Wade's probation was revoked for failing to complete his community-service requirements by the April date. Citing *Ross*, we reversed, stating that the requirement that *the court* specify the terms of probation is well settled. Thus, Houston cannot have been found to have violated the conditions even if the probation officer went over conditions with him because the probation officer cannot impose the conditions; the court must do so.

The PTRs and amended PTRs in this case and the companion case allege that Houston had violated the conditions of his probation by committing new offenses; testing positive for THC; failing to report as directed; failing to pay fines and costs; failing to attend a cognitive behavioral-education class and being discharged as a result; and providing a false address. But those terms and conditions of Houston's probation were not attached to the sentencing orders as stated.[4] The circuit court entered an order stating that "the conditions

---

[4]The domestic-violence-class requirement and the fines and fees conditions of probation were imposed since both were set forth in the sentencing orders themselves. However, at the time of the revocation hearing, Houston still had time to complete the class. And the record does not reflect, nor do the parties argue, that the requisite shifting burden

of probation were neither approved by the Court nor entered into the Court records." If the conditions of probation were not imposed by the court in the first instance, then a revocation may not subsequently occur on the basis of alleged violations of those conditions of probation. Accordingly, we reverse the revocation.

Reversed.

HARRISON, C.J., and THYER, J., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

of production was engaged in with respect to a revocation based on failure to pay fines and fees alone. *See, e.g.*, *Wilcox v. State*, 2021 Ark. App. 2, at 5, 615 S.W.3d 737, 741.